JOHN C. ROEMER v. THE BOARD OF CITY CANVASSERS OF THE CITY OF DETROIT.

*Elections—Returns of inspectors—Canvass—Mandamus.*

1. When inspectors of election have completed their count, and executed and delivered their returns to the proper officer, their legal powers end, and any attempt on their part to change or modify such returns in any particular involving other than a mere clerical duty is clearly beyond their powers.
2. It is not necessary to go to the length of holding that a clerical error which is patent upon the face of the papers may not be corrected by the board of inspectors after the returns have been made up and signed; but that question is not now before the Court.
3. Where a board of canvassers canvassed the votes cast for a certain office as reported by the inspectors of election in a second or substituted return, made after the filing of the original return, *mandamus* will lie to compel a re-canvass from the original return. *Coll v. Board of Canvassers*, 83 Mich. 367.

*Mandamus.* Submitted January 5, 1892. Granted January 22, 1892.

Relator applied for *mandamus* to compel respondent to meet and correctly canvass certain votes cast for alderman. The facts are stated in the opinion.

*Corliss, Andrus & Leete (J. J. Speed,* of counsel), for relator.

*C. S. McDonald* and *Edwin F. Conely,* for respondent.

MONTGOMERY, J.    Relator was a candidate at the November election for alderman of the Fifth ward of the city of Detroit.  At the close of the polls the inspectors of election for the third district of the said ward made a canvass of the votes, publicly announced the result, and prepared and signed a return, which was at once filed with the city clerk.   This return shows that the relator received 350 votes in such district, and that Alois A. Deimel received 171 votes.  The board of canvassers convened on the 7th of November, for the purpose of canvassing the returns.   Canvasser Erhard, who was also one of the inspectors of election for the precinct in question, represented to the board that a mistake had been made by the inspectors in stating the number of votes cast for relator and Deimel, respectively, and produced a so-called corrected return, signed by the inspectors, which showed that Deimel received 282 votes, and the relator 358.  This new return, it appears, was prepared nearly a week after the first return had been filed with the city clerk.   The board of canvassers proceeded to appoint a committee to examine the tally-sheets of the district in question, to be found in the boxes in custody of the police department, with instructions to report their finding to the board.   The committee proceeded to investigate, and made a report, stating:

" We believe the inspectors discovered an error, and

were desirous of correcting it; but we believe the canvass-
ing board is powerless to receive oral statements in
relation thereto."

The report further stated that, as the result of their
investigation, upon opening the ballot-box, and tabulat-
ing the vote, the total vote cast for relator was 352, and
the vote cast for Deimel was 168. This report the board
of canvassers refused to adopt, and proceeded to canvass
the vote as reported in the second or substituted return.
The relator's petition is accompanied by the affidavits of
two of the inspectors of election, each stating, in effect,
that they made no investigation before signing the new
or amended return, and stating their present opinion that
the original return made by the inspectors is the correct one.

The tally-sheets have been produced, and it is claimed
by the respondent that they show the substantial accuracy
of the second return. It is claimed that it is shown by
these tally-sheets that 111 votes were improperly deducted
from the aggregate of the votes cast for Deimel. The
tally-sheets show that credits were given, presumably for
votes received, and the candidate is also in one column
debited with a considerable number of votes, but for
what reason is not altogether clear. The relator is also
debited with votes on the same sheets. The method
adopted was confusing, well calculated to result in mis-
takes similar to those claimed to be shown in this case,
and not in harmony with the method prescribed by sec-
tion 36, Act No. 190, Laws of 1891.

We are not able to say, from the tally-sheet itself,
that the second return is correct. Enough does appear,
however, to indicate that there was an error in the orig-
inal returns, and, in our judgment, it will be the plain
duty of the common council, on the request of either
party, to order a recount of the ballots, and to seat the
person having the highest number of votes in the ward;

and we cannot assume that there will be any disposition on the part of the council to avoid its duty.

We are all satisfied, however, that the canvassing board had no right to accept or act upon the second return of the inspectors; that such second return was a nullity. When the inspectors had completed their count, and executed and delivered the returns, their legal powers ended, and any attempt on the part of the inspectors to change or modify such original returns in any particular involving any other than a mere clerical duty was clearly beyond their powers. Local Acts of 1887, p. 911; Laws of 1891, p. 269; *Keeler v. Robertson*, 27 Mich. 116. It is not necessary to go to the length of holding that a clerical error which is patent upon the face of the papers may not be corrected by the board of inspectors after the returns have been made up and signed; but that question is not now before us.

It is urged that, even if the board exceeded its authority, the Court should not interpose by *mandamus*, and compel a re-canvass of the votes, but should leave the relator to his remedy by a contest before the council. We cannot accede to this view. Such remedy could not precede the organization of the common council, and is manifestly inadequate. If the remedy by *mandamus* is not open in such a case, it follows that canvassing boards have the power wholly to thwart the expressed will of the people, if the usurpation of authority by the board be general; and while, in the present case, nothing appears which would justify us in inferring that any but honorable motives actuated the respondent, yet we cannot establish a rule which would make fraud on the part of such boards impossible of direct redress. The case of *Sherburne v. Horn*, 45 Mich. 160, cited by respondent's counsel, does not, we think, conflict with the views herein expressed. It was said in that case:

"Were it clear that this matter could be disposed of from an inspection of the returns, we should be disposed to grant the order."

And in a later case of *Coll v. Board of Canvassers*, 83 Mich. 367, the remedy by *mandamus* was given in a case precisely analogous to the present.

The relator is entitled to the relief prayed.

The other Justices concurred.