Davis, J.
We do not know, and we have not inquired, which of these contestants is the rightful candidate of the republican party. That inquiry is not before us in this proceeding.
The relator charges that he has no plain or adequate remedy in the ordinary course of the law. If the relator had alleged that the decision of the chief deputy state supervisors and clerks of the election hoards of the several counties comprising the district had been fraudulently and corruptly procured he might, perhaps, he said to have disclosed that he did have an adequate remedy by the ordinary processes of the law in a court of equity; hut he makes no such allegation. That which he does allege in respect to fraud is that the second meeting of chief supervisors and clerks, on September 14, 1904, found “that the finding and order of said chiefs and clerks as aforesaid, made on the nineteenth day of May, 1904, were fraudulently, corruptly and collusively procured. ’ ’ But the legality of the meeting of September the fourteenth and its authority to make any finding or order whatever is the very question which is raised here; or to state the question in another form, was the decision of the chief deputy supervisors and clerks which was made on the twentieth day of May, 1904, conclusive?
The relator asserts that his right to the remedy which he seeks is clear, and that no valid excuse can be given for non-performance of the duty which he alleges to rest upon the defendant; yet after careful deliberation and very earnest discussion this court has not been able to concur in this contention. On *73 the contrary a majority of the court concur in the opinion that the relator clearly has no right to the relief sought. The discussion of this case might well end here; for the writ of mandamus never could issue in cases of substantial doubt as to the relator’s-right, nor to compel an officer to do an act which he has no legal right to do in the absence of the writ. However, the practical importance of the question involved justifies some further explanation.
Section 2966-23, Revised Statutes, requires that objections or other questions arising in the course of nomination of candidates for. district offices, “shall be considered by the chief deputy state supervisors of elections and clerks of said election boards of the several counties comprising the district.” Such chief deputies and clerks are not thereby constituted a board with continuing functions, nor a board in any sense. Randall v. State, 64 Ohio St., 57. They are individually required to consider objections and other questions arising in the course of nominations when they arise. “Such objections and other questions” arise when “duly made in writing within five days after the filing” of the certificates of nomination and nomination papers; and certificates of nomination and nomination papers of candidates for district offices must be filed, as required by section 2966-22, Revised Statutes, “not less than twenty-five days previous to the day of election.” The latter provision does not authorize the chief deputy state supervisors of elections and the clerks of the election boards of the several counties of the district to keep open more than a reasonable time .and until twenty-five days before the election a controversy which has been properly submitted to it, but is a limitation on the power to file' *74 such certificates and nomination papers, requiring that they shall he filed not later than twenty-five days before the election; and it is only intended to indicate to conventions and others who seek to make nominations and get them upon the ballot that they must take action in proper time before that date in order to make the nomination effectual. So that when a certificate of nomination and nomination papers have been filed, no matter when, the statute is mandatory that the same “if in apparent conformity to the provisions of this act, shall be deemed to be valid unless objection thereto is duly made in writing, within five days after the filing thereof.” But if objections have been so filed, or other questions respecting the nomination have arisen in the course of the nomination, it thereupon becomes the duty of ■ the several chief deputy state supervisors and clerks to consider them and to make a decision thereon; and the statute is mandatory in regard to their decision, “their decision shall be final.”
As to the suggestion of complications which may arise if rival nominations continue to be made and nomination papers continue to be filed up to the limit of the statute, we have only this to say, that we are not speculating over the statute to ascertain whether it is so contrived as to provide for every conceivable contingency. We are considering only the case presented in this record. Here there were only two rival nominations and both candidates and their friends had invoked the jurisdiction of the tribunal provided by the statute. That tribunal, so far as we have been advised and as it is to be presumed, proceeded strictly within the statute to a decision and the statute says that such decision shall be final. When the officials whom the statute designated were *75 called together to determine that controversy and had proceeded in dne course to a decision, their functions as to that controversy were at an end. This was the view taken by this court in State ex rel. v. Donnewirth, 21 Ohio St., 216, and a like principle was ■applied in State ex rel. v. Miller, 62 Ohio St., 436. The following authorities also cited by counsel for the defendant support the same conclusion: McCrary on Elections, secs. 267, 268; Roemer v. Canvassers, 90 Mich., 27; Bowen v. Hixon, 45 Mo., 340.
This court* held in Chapman v. Miller et al., 52 Ohio St., 166, 176, that “the statute provides that the questions shall be summarily decided, and that the decision shall he final,” that is, that the decision is conclusive, not subject to review. This was the construction then given to the section now under review, and it was followed in Randall et al. v. State, 64 Ohio St., 57, all the judges concurring.
We are therefore unable to perceive that the meeting of supervisors and clerks in September had any authority to reconsider the controversy after it had been decided in May and after the meeting which had been called to decide that controversy had adjourned sine die.

Demurrer to answer overruled and petition dismissed.

Spear, O. J., Price and Summers, JJ., concur.