[No. 4271. Decided June 24, 1902.]

THE STATE OF WASHINGTON on the Relation of C. J. Harkins, Respondent, v. OTIS ROUNDTREE, Appellant.

ELECTIONS — PASTING NAMES ON BALLOTS — FAILURE TO MARK BALLOT — LEGALITY OF VOTE.

Where there was but one set of candidates to be voted for upon the official ballot used in a general election, and the voter pasted the name of another person over that of one of the candidates and cast his ballot without making an X after the names of any of the candidates, his vote should be counted, since Bal. Code, § 1376, provides that a ballot is not void, unless it is impossible to determine the elector's choice; Id., § 1403, provides that no ticket shall be lost for want of form, if the board of judges can determine to their satisfaction the person voted for and the office intended; and Id., § 1362, provides that "nothing in this chapter [relating to elections] shall prevent any voter from writing or pasting on his ballot the name of any person for

whom he desires to vote for any office, and such vote shall be counted the same as if printed upon the ballot and marked by the voter."

### SAME — STATUTES — REPEAL.

Bal. Code, § 1362, passed in 1890, and providing that where a name is pasted on a ballot, the vote shall be counted the same as if printed upon the ballot and marked by the voter, was not repealed by Id., § 1370, passed in 1895, which declares, in providing for the method of marking ballots, that any elector may paste over any other name the name of any person for whom he may wish to vote, since the act of 1895 was merely amendatory of existing statutes and did not undertake to supersede the provisions of the old law, except in the matter of marking the ballots with an X after, instead of before, the names of candidates.

### SAME — IDENTIFICATION MARKS.

Neither the placing of a paster upon an official ballot, as allowed by law governing elections, nor the failure to mark the ballot with an X, when but one set of candidates is being voted for, can be held to be a violation of Bal. Code, § 1380, which prohibits an elector's placing any mark upon his ballot by which it may be identified.

Appeal from Superior Court, Lewis County.—Hon. ALONZO E. RICE, Judge. Reversed.

*Millett & Harmon,* for appellant.

*Maurice A. Langhorne,* for respondent.

The opinion of the court was delivered by

WHITE, J.—On the 4th day of December, 1901, an election was held in the town of Winlock, a municipal corporation of the fourth class, for the purpose of electing two councilmen to serve for a period of two years each, and a treasurer for one year. Previous to said election a caucus of the citizens of Winlock was held, and a ticket nominated. The persons nominated at said caucus, and whose names subsequently were placed upon the official ballot, were Howard Darrah and C. J. Harkins for councilmen, and H. A. Baldwin for treasurer, there being but one

ticket on said ballot, and said ticket being designated as the "Citizen's Ticket." Otis Roundtree was not nominated, either by caucus or petition, and his name was not printed on the official ballot, but he was voted for by the citizens of Winlock, who pasted his name on the official ballot. The returns of the said election were duly certified to the council, and, when canvassed it was determined that C. J. Harkins had received 60 votes for councilman, Howard Darrah 87 votes and Otis Roundtree 62 votes. Darrah and Roundtree were declared elected, took the oath of office and entered upon their duties as councilmen of said town. This action was commenced by C. J. Harkins, relator and respondent, against Otis Roundtree, appellant; the information, among other things, alleging that there had been counted for appellant four votes to which he was not entitled, four electors having voted ballots on which the name of Otis Roundtree was pasted over the name of the relator, C. J. Harkins, and no more names were left on the ballot or ticket than the elector was entitled to vote for, but no cross or mark was placed opposite the name of Roundtree, nor were the four ballots marked with a cross at any place whatsoever. These ballots were counted for appellant, giving him two votes more than were cast for relator.

The issue is narrowed to the legality of these four votes so counted for appellant, and the law of the case was argued upon appellant's demurrer to the information. The court overruled the demurrer. Appellant excepted, elected to stand upon his demurrer, and refused to plead further, whereupon formal proof of allegations was waived, and judgment was entered against appellant, to which he duly excepted. Thereafter he filed formal exceptions, and now brings the case to this court on appeal, asking that

said ballots as cast be counted for him; also for a reversal of the action of the lower court in the premises, and for reinstatement as councilman of the town of Winlock, to which he claims he was legally elected.

We think the demurrer should have been sustained, and the four ballots as cast should have been counted for the appellant. Municipal elections in towns of the fourth class, such as Winlock, are governed by the general election laws of the state. § 1001, Bal. Code. The statute specifically provides that a ballot or a part of a ballot is not void *unless it is impossible to determine the elector's choice*. When a part of a ballot is sufficiently plain to gather therefrom the voter's intention, such part shall be counted. § 1376, Bal. Code. As was said by Justice DUNBAR, in delivering the opinion of this court in *State ex rel. Orr v. Fawcett*, 17 Wash. 188 (49 Pac. 346):

"The whole is composed of parts, and if it is the duty of the judges of the election to count a part when the intention in relation to such part can be ascertained, it follows that they must count the whole ballot when the intention in relation to all of the parts can be ascertained."

"No ticket shall be lost for want of form or mistake in initials of names, if the board of judges can determine to their satisfaction the person voted for and office intended." § 1403, Bal. Code.

The presumption is that, when an elector procures an official ballot from the officers in charge of an election, and returns it to them to be put into the ballot box, the elector intends to vote at such election. In the absence of a wilful intent to violate the laws relative to elections, everything is construed in favor of the elector, and in favor of giving effect to his vote. The requirements of statutes are a means to an end, not the end itself. We said in *State ex rel. Orr v. Fawcett, supra*:

"It is also true, however, that in the absence of constitutional inhibition all statutes tending to limit the citizens in the exercise of the right of suffrage should be liberally construed in his favor. If his ballot is rejected, it must come within the letter of the prohibition, and when the statute specifically declares under what conditions ballots shall be rejected, courts should not enlarge those conditions, or make other or different conditions from those expressed in the statute grounds for rejecting the ballots. It will be noted that our statute provides only one condition under which a ballot should be rejected, viz: *a ballot from which it is impossible to determine the elector's choice,* and, after all, this should and must be the intention of the legislature. The important thing is to determine the intention of the voter and to give it effect."

Section 15, Laws 1889-90, p. 405, corresponds with § 1362, Bal. Code, relative to the official ballot, and in part is as follows:

"  .  .  .  Nothing in this chapter contained shall prevent any voter from writing or pasting on his ballot the name of any person for whom he desires to vote for any office, *and such vote shall be counted the same as if printed upon the ballot and marked by the voter.  .  .  .*"

Section 1370, Bal. Code, is a substitute for § 23, Laws 1889-90, p. 409, and is as follows:

"On receipt of his ballot the elector shall forthwith and without leaving the polling place retire alone to one of the places, booths or apartments provided to prepare his ballot. If he desires to vote for all the candidates of any political party he may mark a cross 'X' after the name, against the political designation of such party, and shall then be deemed to have voted for all the persons named as the candidates of such party. If he desires to vote for any particular candidate of any other political party he may do so by placing after the name of such candidate a mark 'X': Provided, That if two or more candidates for such office are to be elected, then such voter shall place his mark 'X' after the name of each of the candidates for

43—28 WASH.

whom he wishes to vote for that particular office, and in that case such voter shall then be deemed to have voted for all the persons named as the candidates of the political party after which he shall have made his mark 'X,' except those who are otherwise designated as herein provided. Each elector may prepare his ballot by marking a cross 'X' after the name of every person or candidate for whom he wishes to vote. In case of a ballot containing a constitutional amendment or other question to be submitted to the vote of the people the voter shall mark a cross 'X' after the question, for or against the amendment or proposition, as the case may be. Any elector may write in the blank spaces, or paste over any other name, the name of any person for whom he may wish to vote.   .   .   .   ."

The respondent contends that § 1362, *supra,* is repealed by § 1370, *supra.* Section 23 of the Laws of 1889-90, for which § 1370, Bal. Code, is a substitute, required the elector to prepare his ballot by marking an X *before* or after the name of the person for whom he intended to vote, and provided that the elector might paste over any other name the name of any person for whom he wished to vote; just as § 1370, *supra,* required such marking after the name and the pasting of names over the names on the ballot. Section 1370, *supra,* amended § 23, *supra,* so far as to allow the elector to vote for all the candidates of any political party by making a cross after the party name, and in some other particulars. So far as the marking of an X *after* the person voted for and the *pasting* of the name of any person for whom the elector wished to vote over the name on the ballot, § 1370 is but a re-enactment of § 23, Laws 1889-90, and not a repeal thereof, or of § 15 of the same act. We so held in *State ex rel. Orr v. Fawcett, supra.* We there said:

"The law of 1895 was largely amendatory of the laws incorporated in the General Statutes, and it in no way undertook to supersede any provisions of the old law."

No elector, under a penalty, is allowed to place any mark upon his ballot by which it may be identified.    § 1380, Bal. Code.   There is nothing on the four ballots that renders them susceptible of identification by the person who cast them.    The mere absence of a mark of identification or an X should not be held as a mark of identification. The statutes having permitted the use of the paster, compliance with the statute by the voter in this respect cannot be urged as a reason for the exclusion of the ballot under the law prohibiting identification marks.    The paster in itself is not. a distinguishing mark.    If an X had been placed after the name on the paster, we do not understand the respondent as contending that the paster itself would be a distinguishing mark.    The entire question turns upon the proposition that no vote can be counted    unless    the elector has marked his ballot with an X after the official designation of the party, or after the name of the person he intends to vote for, whether he uses a paster or not; that the only way the voter can manifest his intention under the law is by making the X required by the law on the ballot; and this, too, irrespective of the fact that the official ballot contained but one ticket.    We think the voter could manifest his intention by voting a ballot such as the official ballot in this instance without any X whatever after the names of the persons on the ballot; and when a name is pasted upon such a ballot, and no more names are left upon the ballot for the office than are to be elected to such office, the intention is equally manifest that the elector intends to vote for the persons left upon the ticket and the person named on the paster, if the elector delivers the ticket to the election officers to be placed in the ballot box.    In enacting § 1370 the legislature had in view that the official ticket might contain the names of two or more persons for the single office to be filled.    Hence it became neces-

sary in such a case that the elector should use the X as a mark of identification of the person voted for. But this is not necessary where there is but one set of names for the particular office to be filled, and the voter can express his intention of voting for all such persons by leaving the names unmarked with a cross, or by voting for some of such persons by marking an X after their names and leaving the others for whom he does not intend to vote unmarked with an X, as the statute provides. As these four ballots contained but one name for each office, there can be no doubt that the voter intended to vote for all of the persons whose names appeared thereon for the particular office named, unless we conclude that the voter desired that his ballot should not be counted, and that he put it into the ballot box to deceive somebody, or for a useless purpose. As was said by the supreme court of Michigan in a similar case, "this would be going a great way to avoid the duties of citizenship." *Johnson v. Board of Canvassers,* 101 Mich. 187 (59 N. W. 412).

As we have said, procuring the official ballot and returning it to the officer in charge, to be placed in the box, raises the presumption that the elector intended to vote at such election. On an official ballot containing but a single list of persons to be voted for for the offices to be filled, an X, as we have seen, is not essential in every instance to express the voter's intention, and it is not exclusively the way to express such intention, as the statute does not positively make it so. The placing of a paster containing the name of Roundtree over the name of Harkins on the official ballot clearly indicates an intention to substitute that name for the name of Harkins, originally printed thereon, and to this extent changes the official ballot. The ballot should be considered and construed in the light of the facts con-

nected with the election; as, for instance, that it contained but one set of names for the offices to be filled, and, in view of this, the voter is presumed to have exercised his franchise when he deposited the ballot and left all the names unmarked with an X. When the statute does not expressly declare that particular informalities will avoid the ballot, it would seem best to consider their requirements as directory only.

"The whole purpose of the ballot as an institution is to obtain a correct expression of intention; and if in a given case the intention is clear, it is an entire misconception of the purpose of the requirements to treat them as essentials, that is, as objects themselves, and not merely as means." Wigmore, Australian Ballot System, p. 193.

The judgment of the court below is reversed, and the appellant is ordered reinstated as councilman of the town of Winlock. He shall also recover his costs in the court below and on this appeal.

REAVIS, C. J., and HADLEY, FULLERTON, ANDERS, DUNBAR and MOUNT, JJ., concur.