JAMES A. LAMBERT v. ABNER J. GRIFFITH, JOHN RICE ET AL.

*Partnership accounting—Cash Book Entries—Review on appeal.*

Where an agreement for a settlement of partnership accounts provided that sums found due to either party should be added to, or deducted from, an agreed sum to be paid to one of them, the party claiming the benefit of any such additions or reductions has the burden of proving that the amount has been received and not accounted for, or paid out and not credited.

Cash book entries are not conclusive in a settlement of partnership matters if there is countervailing evidence. But if there is not, the settlement should be in accordance with the *prima facie* showing made by the books.

44 MICH.—5

On an appeal in chancery the appellate court may examine the exceptions of the party who did not appeal.

Appeal from Berrien. Submitted June 9. Decided June 16.

BILL for accounting. Complainant appeals. Decree modified.

*Franklin Muzzy* and *Theodore G. Beaver* for appellant.

*Edward Bacon* for defendants.

MARSTON, C. J. Complainant seeks to foreclose a mortgage executed to him by John Rice and wife, and conditioned that Abner J. Griffith and said Rice should well and truly perform the conditions of a certain written agreement entered into by them with said Lambert, and dated August 25, 1873.

The matters in dispute relate to the allowance and disallowance of certain items in the settlement of the accounts of Lambert with the firm of which he had been a member. As this settlement is made under and in pursuance of the agreement of August 25th, a proper construction thereof may aid us in coming to a correct conclusion.

Complainant and defendants Rice and Griffith, previous to the date of this agreement, had been engaged in business under the firm name of Griffith & Co. Complainant, for a part of the time at least, had charge of the books and finances of the firm.

By this agreement Lambert agreed to sell to Griffith & Rice his interest in the property and effects of the firm, and also to surrender up a note for $4000, which he held against the firm. In consideration thereof they agreed to pay the firm debts, and to give complainant a bond of indemnity against such debts and demands. They also agreed to save and release him from all liability upon a firm note for $4000 which Rice held, and also agreed to pay him $4000 by assigning to him a bond or contract of Thomas Jones, which was to be taken at $2500, and they agreed to give him their promissory note for $1400, payable five months from the

date thereof, without interest. The contract contained this clause: "There shall be deducted anything that may be found due to the parties of the second part by reason of the appropriations or omissions of the party of the first part (Lambert) to account for any sums that may have come into his hands as a member of the firm of Griffith & Co., and not accounted for." They farther provided that the balance found due after such deductions Griffith & Rice should pay in one year, with ten per cent. interest.

The contract farther provided for an examination of the books of the firm, in order to ascertain the moneys received and not accounted for, and provided for an arbitration "to determine and award the amount so due to said parties of the second part by reason of the withholding of any money or moneys so received, and also shall so hear and determine and award how much, if anything, said party of the first part has paid out and not credited himself with on the books, and the balance so found due, if anything, to parties of the second part shall be deducted from the said sum of four thousand dollars; and if anything shall be found due to said party of the first part, such sum shall be added to the said sum of four thousand dollars." The parties agreed upon did not meet and adjust the accounts.

Under this contract Griffith & Rice agreed to pay complainant $4000 for his interest in the firm. If they claim such amount should be reduced by reason of firm moneys received by complainant and not accounted for, they must show the same; while if complainant claims that this sum should be increased on account of moneys paid out by him for the firm and not credited to him on the books, the burden of proof is upon him to that extent. Bearing this in mind, we will have less difficulty in passing upon the disputed items, where there is any doubt concerning them. Although this case was once sent back to enable the parties to take additional proofs, in order to remove some doubts then existing, it is somewhat singular that no attempt was made to ascertain from the firm books whether there was a balance in complainant's hands unaccounted for. The parties have

thought proper to confine themselves to particular items, and even as to some of these the existing uncertainties which we think might have been removed, are not.

The first item disallowed in the report of the commissioner, and to which complainant excepts, is that of $1000 deposited in the bank to the credit of the firm by Rice for Griffith. This was charged to complainant because, although appearing on the firm books, it was not accounted for on the cash book kept by complainant. It appears this money was all paid out by the bank upon the checks of the firm. Indeed, this was the only way it could be reached, and we have not found any testimony which shows that complainant appropriated to his own use any part of the funds so drawn out. As already said, it is not sought to charge complainant with a general balance, but with particular items, and when it appears that such sums have gone to the credit and use of the firm, we cannot charge complainant therewith, whether appearing upon the cash book of the firm or not.

The next item of importance is a draft, $45, received of R. Coblitz. The books show the receipt of this draft, and a credit to Coblitz of the amount thereof, but no credit to the firm. There was at a different time another draft of a like amount received and credited to Coblitz and to the firm; and it is claimed these two entries pertain to one and the same draft, the first when it was received, and the second entry when the draft was paid. This may be true, and it is singular that other competent testimony within reach was not obtained to clear up this doubt. *Prima facie* two separate drafts were received and paid, and complainant must be charged accordingly. The A. P. Mills draft was accounted for, and the report of the commissioner in respect thereto is correct.

The explanation of the $400 paid in by Lambert, as given by the commissioner, we do not fully understand. This sum was unquestionably paid into the bank by complainant to the credit of the firm and used by the firm, and we are not satisfied that he received credit therefor.

The amount of $999.52, claimed by the complainant as

due him from the firm at the time of the dissolution, is not covered by this mortgage, and cannot therefore be allowed. The report of the commissioner, and for the reasons given by him, as to this item, is correct.

These are all the matters we consider of sufficient importance to examine in detail, covered by complainant's exceptions. The defendants do not appeal, but under the rule adopted in *Grant v. M. & M. Bank* 35 Mich. 515, we will examine defendants' exceptions. Some of the defendants' exceptions are so general that they cannot be noticed.

The first item is one of $5 interest, which we are of opinion comes within the terms of the contract, and should have been charged to complainant. We agree with the commissioner that as to the two items, one of $31.50 and one of $40, said to have been received of Rice, it does not appear that complainant received these sums, and we also agree with him in his allowance of the Jones & Laughlin account, $139.66, and also in allowing for the king bolts, etc., not delivered to complainant.

Under this view there should be added to the amount allowed complainant by the decree of the court the sum of thirteen hundred and ninety-five dollars, with interest at ten per cent. from August 25, 1873, the date of the mortgage. The decree will also provide that the $1500 payment of June 15th (Exhibit 6) shall be cancelled, and complainant will recover costs.

The other Justices concurred.