101   187<br>114   654

JOHN E. JOHNSON v. THE BOARD OF CANVASSERS OF THE VILLAGE OF CASNOVIA.

*Elections—Recount—Village officers—Marking ballots—Board of canvassers.*

1. Act No. 208, Laws of 1887 (3 How. Stat. § 234a[1]), which pro-

---

[1] RECOUNT OF VOTES.

For cases bearing upon the construction of and proper practice under 3 How. Stat. § 234a, which provides for a recount of the votes cast at certain elections, on the petition of a candidate voted for at the particular election who conceives himself aggrieved on account of any fraud or mistake in the canvass of the votes by the inspectors of election, or in the returns made, see:

vides for the correction of frauds and mistakes in the canvass and returns made by inspectors of elections, does not cover village elections.

2. Where the official ballot used at a village election under the election law of 1891, as amended in 1893, contains but one ticket, *i. e.*, the name of but one person for each and every office to be voted for at such election, the failure of electors to stamp a cross in the circle at the head of their tickets, while a non-compliance with the statute, will not authorize the inspectors of election to reject the ballots.

3. The common council of the village, when convened to determine the result of the election, as required by law, can act only upon the returns received from the board of inspectors, and the only remedy of a candidate, who is defeated by the rejection of such unstamped ballots, is by *quo warranto;* citing *Roemer v. Board of Canvassers,* 90 Mich. 27.

*Certiorari* to Kent. (Adsit, J.) Argued June 5, 1894. Decided June 16, 1894.

Relator applied to the circuit court for *mandamus* to

---

### To What Offices the Act Applies.

*Wheeler v. Board of Canvassers,* 94 Mich. 448, *Belknap v. Board of Canvassers,* 94 Id. 516, and *Vance v. Board of Canvassers,* 95 Id. 462, holding the act inapplicable to the offices of State Senator, member of Congress, and circuit judge, respectively; and *Naumann v. Board of Canvassers,* 73 Mich. 252, holding it inapplicable to those cases where the city council, by whatever name it is called, is made the absolute judge of the election and right to office of its members.

### How Right to a Recount Enforced.

1. *McKenzie v. Board of Canvassers,* 70 Mich. 147, where a candidate for alderman in a city, whose charter did not make the board of city canvassers or the common council judges of the election or qualifications of aldermen, complied with all of the requirements of the act, and asked for a recount of the votes by said board on the ground of alleged mistakes in the count made by the inspectors of election, and *mandamus* was granted to compel such recount.

2. *Packard v. Board of Canvassers,* 94 Mich. 450, holding that where the application is filed in time, and the board of canvassers refuse to recount under the act, *mandamus* will lie to set the board in motion; but when they have recounted and declared the

compel respondent to recount the votes cast at a village election, and to declare the result. Respondent brings *certiorari* to review the order granting the writ. Reversed. The facts are stated in the opinion.

*William Wisner Taylor (Henry J. Felker,* of counsel), for relator.

*Maher & Salsbury,* for respondent.

HOOKER, J. At the village election of Casnovia, held on the second Monday in March, 1894, the official ballot contained but one ticket, *i. e.,* the name of but one person for each and every office to be voted for at such election. Relator's name was printed thereon as candidate for the office of president. The relator was at that time president of said village, and for that reason did not act as inspector of election. The result of the election was

---

result, and made their return and adjourned, they become *functus officio,* and the remedy of the party claiming to be aggrieved is by a *quo warranto* proceeding to test the validity of the election.

3. *May v. Board of Canvassers,* 94 Mich. 505, holding that the statute gives an aggrieved party the right to a recount of the votes cast for and against him for the office for which he was a candidate, upon his complying with its provisions, enforceable by *mandamus.*

*When the Application for a Recount Must be Made.*

*Newton v. Board of Canvassers,* 94 Mich. 455, holding:

*a*—That an application by a candidate for Supreme Judge to the board of county canvas-ers for a recount, made on the last day on which the Board of State Canvassers can, if the direction of the statute is to be observed, canvass the returns and issue the certificate of election, is not in time, and *mandamus* will not lie to compel a recount.

*b*—That the board of county canvassers acting on a contest may well be held to constitute a special tribunal when in session only for the purpose of considering such contest, and it was not the legislative intent that the presentation of an application for a recount to the body when so acting, and after a full determination of the result as to the candidates for other offices, should entitle the party presenting such petition to a recount.

declared during the evening of election day by the inspectors, it being by them announced that relator had received 34 votes, and his competitor, John W. Dudley, 35 votes, for such office, and they made out a statement of the result of said election, in which they stated and gave out that said Dudley was elected president of said village. Upon Thursday following the election, viz., March 15, the council of said village convened to determine the result of said election, which meeting was adjourned one week without action. Before said adjourned meeting, relator made a petition for a recount of the votes cast for the office of president, and deposited the sum of $10, together with said petition, with the clerk of said village, and upon the 22d day of March caused a copy thereof to be served on said Dudley. The ground of such application was the alleged failure of the inspectors to count for the relator

*Procedure on Recount.*

1. *Packard v. Board of Canvassers*, 94 Mich. 450, holding that the provision of the act requiring the recounting committee to make a return to the board of canvassers, "showing the whole number of votes given, the names of the candidates, and the number of votes given to each, written out in words and figures as upon the ballots," cannot be construed as calling for a statement of every contested ballot, showing the reasons for which it was rejected, so that the contestant may take advantage of any error by writ of *certiorari* to the circuit court.

2. *Newton v. Board of Canvassers*, 94 Mich. 455, holding that, in case of various contests arising before the board of canvassers, different committees may be appointed, and the recount in all cases proceed at once.

3. *May v. Board of Canvassers*, 94 Mich. 505, holding:

*a*—That the provision of the act giving the board of canvassers power to cause the ballot-boxes, used in the election districts in which the errors, mistakes, or frauds complained of are alleged to have occurred, to be brought before it, is not mandatory, but was intended to confer a right which the board might exercise in case of necessity, its purpose not being to enable the board to ascertain whether a recount shall be had, but whether there was fraud or mistake in the original count.

*b*—That the statute gives to neither the board of canvassers nor

seven official ballots which were excluded by said inspectors for the reason that no stamp or cross appeared upon them. Relator's petition alleges, and the return does not deny, that at said adjourned meeting the council declined to take any action in relation to his said petition, and adjourned without taking any action in regard to a canvass of said votes. The petition further states that Dudley gave out and claimed his election to said office. Relator thereupon obtained a writ of *mandamus* from the Kent circuit court, requiring respondents to meet and count the votes cast at said election, and determine the result, and they bring the cause to this Court by *certiorari.*

Three reasons are alleged for a reversal of the order of the circuit court:

1. The insufficiency of the petition for *mandamus.*

---

to the committee appointed to make the recount power to enter upon an investigation of alleged frauds committed at the election; nor does it confer power upon the board to compare the registration lists with the poll-lists for the purpose of determining whether the votes of unregistered persons were received, and to exclude the entire vote of a precinct on that ground.

*c*—That, if the resolution of the board directs the committee to proceed to investigate the matters set forth in the petition, a further provision authorizing them to open all ballot-boxes containing votes cast for the office for which the petitioner was a candidate should be construed as having relation to the investigation thus directed, and as being limited to the ballot boxes in the precincts named in the petition.

*d*—That where, upon the face of the returns of the inspectors of election, as corrected by the authorized recount, the petitioner is shown to have received a plurality of the votes cast for the office for which he was a candidate, and the board of canvassers assumes to change said result by correcting the returns from a precinct according to an unauthorized recount of the ballots cast therein for said office, and by the rejection of the vote of an entire precinct on the ground that votes were cast therein by persons who were not registered, *mandamus* will lie to compel the board to reconvene, and vacate a resolution directing the issuance of a certificate of election to the candidate thus shown to have been elected, and direct that a certificate be issued to the petitioner.

2. That the statute does not authorize recounts in village elections.

3. That the unmarked ballots could not lawfully be counted.

The act (No. 208, Laws of 1887) provides for the presentation to certain boards therein mentioned of a petition for a recount of ballots cast at any election by any candidate voted for at such election. Village boards or councils are not among them, and none of the boards mentioned have to do with elections of village officers. Were we to hold the act applicable to village elections, we should also be compelled to say that presentation to such boards was contemplated, though the express terms limit applications to those mentioned, viz., "board of city canvassers, if a city or ward office, or district board, or the board of county canvassers, in all other cases." We think it more reasonable to hold that the term "any candidate voted for at any election" is limited by the other language of the act, and that it does not cover village, school-district, and possibly some other elections.

The other important point relates to the ballot. Containing but one name for each office, there can be no doubt that the voter intended to vote for the persons whose names were printed therein, unless we accept the ingenious argument of counsel that the voter desired that his ballot should not be counted, but put it in the ballot-box to deceive somebody, which would be going a great way to avoid the duties of citizenship. It is true that the law was not technically complied with by those who cast these ballots, but the stamping of these ballots would not, so far as we can see, have added to the certainty of the voter's intention, nor does the failure in any way hazard the rights of any one. In such a case the voter should not be deprived of his vote, if it can be avoided.

We think, however, that the council could act only up-

on the returns received from the board of inspectors, and that relator's only remedy is by *quo warranto*. *Roemer v. Board of Canvassers*, 90 Mich. 27. We are therefore constrained to reverse the order of the circuit judge, with costs.

The other Justices concurred.