PEOPLE, *ex rel.* OATMAN, *v.* FOX.

1. ELECTIONS — CANDIDATES — NAMES NOT ON BALLOT — PASTING SLIPS—FAILURE TO MAKE CROSS.

> Act No. 202, Pub. Acts 1893, § 26, provides that, if an elector wishes to vote for a candidate not on any ticket, he must write or paste the name of such candidate on his ticket, opposite the name of the office, and make a cross in the circle under the party name, in which case the name so written shall be counted one vote for the person so mentioned, whether the original name on the party ticket is erased or not, unless there is a cross in the square before the name of some opposing candidate on some other party ticket; that, if no cross is placed in the circle under the party name, a cross in the square before the name of any candidate shall be deemed a vote for such candidate, except in cases where the elector votes for more candidates for the same office than are to be elected. *Held*, that the pasting of a name, which did not appear on any ticket, over the name of one of the candidates, without designating by a cross the party ticket or the candidate sought to be voted for, and without erasing the name of a third candidate for the same office, was not a compliance with the law.

2. SAME—INSTRUCTIONS TO VOTERS — PROVISIONS CONSTRUED TOGETHER.

> The provisions above quoted are not modified, so as to make the mere pasting of the name a sufficient indication of the voter's choice, by the printed instructions appended to ballots, in the form provided by statute, that, "if you wish to vote for a candidate not on any ticket, write or place the name of such candidate on your ticket, opposite the name of the office," since the instructions contain the further direction: "In all cases stamp a cross in the circle under the name of your party, at the head of the ballot."

Error to St. Clair; Vance, J. Submitted October 15, 1897. Decided October 25, 1897.

*Quo warranto* by the people, on the relation of George Oatman, against Patrick Fox, to determine the title to the office of supervisor of the township of Greenwood. From a judgment of ouster, respondent brings error. Affirmed.

*Harvey Tappan, P. H. Phillips, Lincoln Avery,* and *E. F. Law,* for appellant.

*Stevens & Graham,* for appellee.

MONTGOMERY, J. The relator and respondent both received votes as candidates for the office of supervisor of Greenwood township, St. Clair county; and it is conceded that the relator was elected, unless there shall be counted for the respondent 26 ballots upon which the name of respondent appeared on a printed slip. The name of the relator appeared on the regular ticket under the head of the "Greenwood Republican Ticket." The name of George Zuelch appeared on the Union ticket. On the ballots in question the name of George Oatman was covered by slips containing the name of respondent. There was no mark in the circle at the head of either the Union or the Republican ticket, and no erasure of the name of George Zuelch on the Union ticket, nor was there a cross opposite the name of respondent. It should be stated that the name of respondent did not appear on any ticket to be voted for at the election. The statute (section 26, Act No. 202, Pub. Acts 1893) provides that:

" If the elector wishes to vote for a candidate not on any ticket, he must write or paste the name of such candidate on his ticket, opposite the name of the office, and make a cross in the circle under the party name.   *   *   *   If the name of any person who is not a candidate on any ticket is written or placed on the party ticket opposite the name of the office, and there is a cross in the circle under the party name, the name so written shall be counted one vote for the person so mentioned, whether the original name on the party ticket is erased or not, except in cases where there is a cross in the square before the name of some opposing candidate on some other party ticket. If no cross is placed in the circle under the party name, a cross in the square before the name of any candidate shall be deemed a vote for such candidate, except in cases where the elector votes for more candidates for the same office than are to be elected."

It is suggested that this provision is modified by the in-

structions appended to the ticket in the form provided by statute, which reads, "If you wish to vote for a candidate not on any ticket, write or place the name of such candidate on your ticket, opposite the name of the office." But in the same instructions appears the following: "In all cases stamp a cross in the circle under the name of your party, at the head of the ballot." We think it clear that full compliance with the statute requires that the name not appearing on the ballot be pasted or written in the proper place, and also that it be marked with a cross. The voters did not, in the use of these ballots, express an intention to vote for respondent in the manner prescribed by statute. It is true, we held in *Johnson* v. *Board of Canvassers of Casnovia*, 101 Mich. 187, that where a ticket was voted without any cross being stamped, and where the name of but one candidate appeared upon the ticket for each office, the intent of the voter was too clearly manifested to admit of question, but in the present case such is not the fact. In *People* v. *Cicott*, 16 Mich. 283 (97 Am. Dec. 141), it was held that, where a slip is so pasted on a ticket as to leave on it two distinct candidates for the same office, the ballot is rendered bad, as to that office, for duplicity. That case should rule the present.

The judgment of ouster is affirmed.

The other Justices concurred.