### SAWYER *v.* HART.

1. ELECTIONS—BALLOTS—PASTING SLIP—MARKING CROSS.

Where the name of one candidate only for any office appeared upon a ballot at a township election, an elector who pasted the name of one candidate over the name of another for the office of township treasurer, without making a cross at the top of the ballot or before the name on the pasted slip, cast a legal vote for the candidate whose name he pasted.[1]

2. SAME—BALLOTS—MARKING BALLOTS—SPOILED BALLOTS.

A ballot cast at said election was not spoiled because the voter indicated in more than one authorized way for whom he desired to vote.

3. SAME—BALLOTS—MARKING BALLOT.

Hence, where, on such ballot, the elector marked a cross in the circle at the head of the ballot, and also marked a

---

[1] On validity and construction of law as to marking ballots, see notes in 13 L. R. A. 761; 47 L. R. A. 820.

cross before the name of one candidate, he did not thereby negative his intent to vote for the whole ticket.

4. SAME—BALLOTS—MARKING BALLOT.

Where an elector, casting a ballot containing but one ticket, desires to vote for some and not for all of the candidates whose names appear thereon, he may effectually and lawfully so indicate by erasing, or striking off, the name of any candidate for whom he does not intend to vote.

Case-made after judgment from Huron; Beach, J. Submitted October 5, 1916. (Docket No. 55.) Decided December 22, 1916.

*Quo warranto* proceedings by Albert Sawyer against George Hart to try the title to the office of treasurer of Chandler township, Huron county. Judgment for defendant. Plaintiff appeals. Affirmed.

*George M. Clark,* for appellant.
*Paul Woodworth,* for appellee.

STEERE, J. At the annual township election held on April 3, 1916, in the township of Chandler, Huron county, there was but one ticket upon the official ballot. This contained the names of nominated candidates for the respective township offices. The name of Albert Sawyer, plaintiff and appellant herein, was printed upon said ballot as the regular candidate for township treasurer. Defendant Hart was also a candidate for the same office, and ran upon printed slips reading, "For Treasurer, George Hart." The election inspectors who canvassed the votes on closing the polls found that Sawyer was elected township treasurer, whereupon he filed his oath of office and bond; but Hart promptly petitioned for a recount of the votes cast, which was made on April 10, 1916. The recount committee found and reported that Hart was elected by a majority of 5, he having received 85 votes and Sawyer 80. Hart thereupon qualified for, and assumed the duties of, the

office of township treasurer. Sawyer, then, by leave of the court, instituted this *quo warranto* proceeding before the circuit court of Huron county to test their respective claims of title to the office. Issue having been duly joined, the matter came to trial before the circuit court of said county, and the determination of said recount committee was there affirmed, on June 22, 1916.

Plaintiff's assignments of error narrow to the proposition that the facts found by the trial court do not support its conclusions of law, and therefore do not support the judgment rendered, because the committee's count of votes which ought not to have been counted was sustained. Upon trial in the circuit court all the ballots cast at said election were offered in evidence. The facts are undisputed. It appeared that of undisputed ballots 79 were cast for Sawyer and 76 for Hart. The validity of 12 ballots was in dispute. One of the 12 was counted for Sawyer, and two others clearly could not be, and were not, counted for either candidate. Plaintiff contends that the remaining 9, which were counted for Hart, should also not have been counted for either. The 9 ballots in question have no cross in the circle at the head of the ticket, and Sawyer's name is obliterated from all of them. Seven of them have crosses in the circles, or squares, opposite some or all names of candidates for the various offices, excepting treasurer, with Hart's slip, reading, "For Treasurer, George Hart," pasted over Sawyer's name. On one ballot Hart's slip ("For Treasurer") is pasted over the printed portion of the ticket, reading "For Treasurer," and Sawyer's name, just at the right, is erased with a blue pencil mark. Upon the remaining ballot Hart's slip is pasted over Sawyer's name, and a cross only appears in the square before the name of the candidate for supervisor.

It is the contention of plaintiff that the mere pasting of a slip on the ballot is not a sufficient indication of the intention of the voter, and does not accomplish the same result as making a cross in the square before the name, in support of which the case of the *People, ex rel. Oatman,* v. *Fox,* 114 Mich. 652 (72 N. W. 611), is quoted from as follows:

"We think it clear that full compliance with the statute requires that the name not appearing on the ballot be pasted or written in the proper place, and also that it be marked with a cross. The voters did not, in the use of these ballots, express an intention to vote for respondent in the manner prescribed by statute."

In that case there were two tickets upon the ballot, with regular candidates for the office in dispute upon each ticket, while a third candidate ran on slips. Upon the ballots then under consideration there was no mark in the circle at the head of either ticket, and the unmarked names of two candidates for the same office appeared on each ballot. Following *People* v. *Cicott,* 16 Mich. 283 (97 Am. Dec. 141), it was held that the ballot was bad as to that office because of duplicity. No such question arises here, as only the name of one candidate for any office appears upon any of the nine ballots. This distinction is plainly pointed out in the opinion, and the case of *Johnson* v. *Board of Canvassers,* 101 Mich. 187 (59 N. W. 412), is distinguished. In the latter case it was held that a voted, unmarked ballot, containing but one ticket and but one name for each office, is a valid vote for each candidate named thereon, the court saying in part:

"The stamping of these ballots would not, so far as we can see, have added to the certainty of the voter's intention, nor does the failure in any way hazard the rights of any one."

By this authority an elector, casting at the polls a

ballot with a single ticket upon it containing the name of but one candidate for each office without making any cross in the circle at the head of the ballot, legally votes that ticket to the same extent and with like effect that one casting a ballot with two or more tickets upon it votes the ticket which he marks by a cross in the circle over it.

Where but a single ticket is printed upon the ballot, which may therefore be legally voted for all the candidates named without marking if but one name appears for each office, the intention of an elector to vote for a particular candidate whose slip he has taken the trouble to substitute for the obliterated name of a regular candidate is in fact more clearly evident than his intention as to the other unmarked names of candidates for whom he votes, and, like unnecessarily marking a cross in the square before the name of a candidate on a ticket marked in the circle at its head, or erasing the name in one's party ticket when voting for an opposing candidate, but emphasizes, in a manner appropriate by statute, the voter's intent. A ballot is not spoiled because the voter has indicated in more than one authorized way for whom he desires to vote. *Attorney General* v. *Glaser,* 102 Mich. 405 (61 N. W. 648). The court there quoted with approval the following language from the attorney general's opinion:

"The fact that the voter has indicated in more than one way that he desires to vote for any candidate on the ballot is no reason why he should lose his vote or the candidate be deprived of the credit."

This is apparently stated as a rule of general application, and we think should be recognized as such, provided whatever marks the elector makes upon the ballot are those designated by statute, made where the statute indicates they may be placed, and are appropriate to express the voter's intent.

It is further urged for plaintiff that this construction is unsound and not permissible at an election where the ballot contains but one ticket, for the reason that it compels every elector, if he exercises the elective franchise at all, to vote for every candidate on the ticket, ignoring his right to vote for some and not for others, because the only way in which he can express his intention in that particular is by marking a cross in the square before the names of those for whom he desires to vote and leaving blank the squares before the names of those he prefers not to vote for. Such result does not necessarily follow. Neither does the statute recognize the suggested indirect process of elimination from a ticket which would otherwise be counted for all. If so, the elector who had marked his party ticket in the circle at its head would, by analogy, eliminate all other candidates on that ticket if he marked a cross in the square opposite the name of a favorite candidate and indicated in more than one way his intention to vote for him. This is permissible, and does not negative the indicated intent as to the whole ticket.

The statute contemplates, as noted on rehearing of *Attorney General* v. *Glaser*, 102 Mich. 396 (61 N. W. 648, 64 N. W. 828), that the erasure of a candidate's name is to be recognized as an appropriate manner of expressing the voter's intent not to vote for such a candidate. Hence where an elector, casting a ballot containing but one ticket, desires to vote for some and not for all of the candidates whose names appear thereon, he may effectually and lawfully so indicate by erasing, or striking off, the name of any candidate for whom he does not desire or intend to vote. By casting the 9 ballots in question the voters indicated an intention to, and did, vote for each candidate whose name appears thereon. It was permissible though not necessary, for them to indicate in more

than one way, in manner recognized by statute, their desire to vote for certain candidates, and therefore their votes as cast for all candidates upon the ticket were not invalidated thereby.

The findings and judgment of the trial court that defendant Hart was duly elected to the office of treasurer of the township of Chandler and entitled to hold the same are therefore affirmed.

STONE, C. J., and KUHN, OSTRANDER, BIRD, MOORE, and BROOKE, JJ., concurred. PERSON, J., did not sit.