CORY *v.* MacKENZIE.

1. ELECTIONS—MARKS ON BALLOT—INTENT—FRAUD.
    Generally, if no mandatory provision of the election law is violated, any mark which fairly indicates the elector's intention will be given effect, unless a fraudulent intent is shown.

2. SAME—COMPLIANCE WITH STATUTES.
    A voter should not be disfranchised where it is clear that he has made an honest effort to comply with the statutory requirements, although he may not have been entirely successful.

3. SAME—INTENT.
    The intent of a voter must be determined by an inspection of the ballot itself, read in the light of surrounding circumstances.

4. SAME—VOTING FOR A SINGLE CANDIDATE WHOSE NAME IS NOT ON BALLOT.
    A single candidate whose name does not appear on the ballot can be voted for.

5. SAME—STATUTES—SINGLE CANDIDATE WHOSE NAME IS NOT ON BALLOT.

The statutes do not provide for the voting for a candidate whose name does not appear on a ticket except as he is voted with the balance of the party on whose ticket his name is written in or placed, and such statute does not apply where it is sought to vote his name only (1 Comp. Laws 1929, § 3111, as amended by Act No. 297, Pub. Acts 1931).

6. SAME—MARK IN CIRCLES AT HEAD OF EACH OF SEVERAL TICKETS.

The marking of a ballot with cross marks in circles at the head of each of several tickets appearing thereon can be counted for no party, if all the tickets are complete, as such marks counteract each other, but such ballot may be counted for the candidates on either ticket upon the other of which there are no opposing candidates.

7. SAME—STICKER CANDIDATES—SUPERVISORS—FAILURE TO MAKE CROSS ON BALLOT.

Voters who placed stickers bearing defendant's name over the name of the only other candidate for the office of supervisor but failed to make any crosses on the ballots anywhere manifested their intentions with regard to such office and, where such manner of voting did not contravene any mandatory provision of a statute relative to voting sticker candidates and statute does not inhibit the counting of ballots in case of deviation from rules outlined therein, such ballots are valid and should be counted for defendant.

Appeal from Ontonagon; Sample (George W.), J., presiding. Submitted April 17, 1941. (Docket No. 86, Calendar No. 41,404.) Decided May 21, 1941.

Quo warranto proceedings by John H. Cory against Isabella MacKenzie to determine title to the office of supervisor of Carp Lake township, Ontonagon county. Judgment of ouster. Defendant appeals. Reversed.

*Leonard J. McManman,* for plaintiff.

*Carl O. Bay* (*Humphrey & Humphrey,* of counsel), for defendant.

MCALLISTER, J.   Plaintiff filed an information in the nature of quo warranto, challenging the right of defendant to hold the office of supervisor for the township of Carp Lake in Ontonagon county. The parties were candidates for the said office in the spring election of 1940, and a recount of ballots showed defendant to be victor by a margin of five votes.   Plaintiff contends that eight votes which were counted for defendant were not legal, and should not have been counted, and that he should be declared elected by a majority of three.

The official ballot contained two tickets—the "Township Ticket" and the "Nomination Ticket." Plaintiff's name was printed on the ballot as a candidate for supervisor on the township ticket; no name appeared on the ballot as candidate for the same office on the nomination ticket.   Defendant was a "slip" candidate.   Plaintiff's name, as printed upon each of the eight contested ballots, was obliterated by the pasting thereupon of a printed slip containing defendant's name; on the contested ballots, no cross or mark appeared, either in the square before the name of the candidate for supervisor nor in the circle above the name of the party. It is the claim of plaintiff that the eight ballots in question are void under 1 Comp. Laws 1929, § 3111, as amended by Act No. 297, Pub. Acts 1931 (Comp. Laws Supp. 1940, § 3111, Stat. Ann. § 6.400), the pertinent portion of which reads as follows:

"SEC. 19.   The elector shall then go directly into a booth which is unoccupied and indicate with pencil or pen on the proper ballot, the candidate or candidates for whom he desires to vote.   *   *   *

"(4)   If the elector wishes to vote for a candidate not on any ticket, he may write or place the name of such candidate on his ticket, opposite the

name of the office, and make a cross in the circle under the party name."

The trial court held that inasmuch as there were no marks on the ballots indicating the party or candidate voted for on such ballots, they were void; and decreed plaintiff elected to the office.

On appeal, defendant claims that the language of the statute above referred to is not mandatory by prohibitive terms; that the intent of the voters of such ballots to vote for defendant was clearly demonstrated by the affixing of stickers over the name of plaintiff; and that the court erred in holding such ballots void.

It is contended that, inasmuch as courts look with disfavor on depriving a citizen of his vote because of technicalities, when his intention appears on the face of the ballot, it will not be defeated by too strict a construction of a statutory requirement, if there has been a substantial compliance with the law. *Jonkman, ex rel. Shaw,* v. *Striplin,* 255 Mich. 215. In support of defendant's argument that the criterion is the ascertainment of the intention of the voter, her counsel rely upon *Johnson* v. *Board of Canvassers,* 101 Mich. 187, and *Sawyer* v. *Hart,* 194 Mich. 399. In the *Johnson Case* it was held that, where the official ballot contained the name of only one person for each and every office to be voted upon, the failure of a voter casting such a ballot to mark the same did not authorize the election officials to reject such ballot, inasmuch as such a mark did not add to the certainty of the voter's intention or hazard the rights of anyone. In the *Sawyer Case,* it was held that where the name of one candidate only for any office appeared upon the ballot for a township election, a voter who pasted the name of one candidate over the name of another for a cer-

tain office, without making a cross at the top of the ballot, or before the name on the pasted slip, cast a legal vote for the candidate whose name he pasted, on the authority of *Johnson* v. *Board of Canvassers, supra.*

In *People, ex rel. Oatman,* v. *Fox,* 114 Mich. 652, where a ballot having two tickets was voted, there was a candidate for the same office on each ticket. The name of a third candidate was pasted over the name of a candidate on one of the tickets. There were no marks on the ballot. The court held that such ballot did not express a voter's intention to vote for the sticker candidate in the manner prescribed by statute, and that full compliance therewith required that a name not appearing on the ballot be pasted or written in the proper place, and also that it be marked with a cross. But even after placing the name of the sticker candidate on the ballot, there appeared the name of another candidate for the same office.

From these adjudications we can conclude that under the statute in effect at the time of such decisions, if there was only one ticket on the ballot, even though one of the candidates thereon was a candidate whose name had been pasted over the name of another, the ballot must be counted for all candidates on the ticket, even though there were no marks at the top of the ticket or before the name of the candidates; and further that, if there were two tickets on the same ballot and the name of a third candidate was pasted over the name of one of the two candidates on the ballot for the same office, and there were no other marks on the ballot, no intention to vote for the third candidate could be said to be expressed.

This case is different from any of those adjudicated by this court. Here, there were two tickets

on the same ballot. But the sole candidate for the office of supervisor, as printed on the ballot, was on only one of the tickets. Defendant's name was pasted over the name of such candidate. No candidate appeared on the other ticket, and no cross was made either at the top of the ticket on which the name of defendant was pasted on or in front of her name.

The remarks of the court in the *Johnson Case,* with reference to holding the vote valid on the ground of ascertainment of the intention of the voter, are cited in defendant's support. Does the fact that there were two tickets on the ballot with no marks thereon, or does the present statute, distinguish this case from the *Johnson Case* and the *Sawyer Case?*

There is much difference of opinion among the various jurisdictions of this country with regard to the question here involved. With regard to writing in names on a ballot, it is stated in 20 C. J. p. 160:

"When an elector desires to vote for a person whose name is not on the ballot he may do so by writing his name on a line left blank in the appropriate place; and he is ordinarily required to place a cross in a space designated for that purpose, although in some jurisdictions the writing in of the name is sufficient without the addition of a cross mark."

However, the jurisdictions referred to in the above citation held that such ballots were to be counted, because a statute involved expressly required it.

Do mandatory provisions of our statute require that the votes in question be held void?

The general election law, after setting forth the qualification of voters, provides:

"Sec. 19.    The elector shall then go directly into a booth which is unoccupied and indicate with pencil or pen on the proper ballot, the candidate or candidates for whom he desires to vote, as follows:

"(1)    If the elector desires to vote a straight ticket he may make a cross (X) in the circle under the name of his party at the head of the ballot. Nothing further need be done.    *    *    *

"(4)    If the elector wishes to vote for a candidate not on any ticket, he may write or place the name of such candidate on his ticket, opposite the name of the office, and make a cross in the circle under the party name.

"(5)    A ticket marked with a cross in a circle under a party name shall be deemed a vote for each of the candidates named in such party column whose name is not erased or crossed off, except those candidates where a cross is placed in the square before the name of some opposing candidate on the opposing ticket, or when there is written or pasted on the party ticket a name which is not printed on any party ticket.    *    *.    *

"(6)    If the name of any person who is not a candidate on any ticket is written or placed on the party ticket opposite the name of the office, and there is a cross in the circle under the party name, the name so written or placed shall be counted one vote for such person, whether the original name on the party ticket is erased or not, excepting cases where there is a cross in the square before the name of some opposite candidate on some other party ticket."    1 Comp. Laws 1929, § 3111, as amended by Act No. 297, Pub. Acts 1931.

With regard to the first paragraph of section 19 above-quoted, it is to be noted that the language thereof is part of an amendment (Act No. 297, Pub.

Acts 1931) in which the words, "with pencil or pen," were inserted in the statute in effect prior thereto. Does this provision command that the voter mark his ballot with pencil or pen under penalty of losing his vote upon failure to do so? If the cross were *printed* before the name of the sticker candidate, would this fact invalidate the vote, because it was not indicated by pen or pencil? Are such provisions mandatory, or must the statute, in order to void the ballot, prohibit the counting thereof in case of deviation from this provision?

A review of many cases on the question indicates anomaly and a certain confusion.

"Formerly, when voting was done in a less systematic fashion than at present, the rule that the intent of the voter was controlling was more generally adhered to. But under statutes adopting the official ballot, judicial consideration is in many instances confined to determining whether the marking complies with mandatory statutory requirements. Nevertheless, the voter's intention frequently is important, for, as has been shown, if no mandatory provision of the election law is violated, any mark which fairly indicates the elector's intention will be given effect and, under some statutes, a ballot will be rejected only in case a fraudulent intent is shown. The ballot is to be construed as any other writing, and the voter's intention is to be gathered from the instrument itself, read in the light of the surrounding circumstances, extrinsic evidence of which is admissible. But extrinsic evidence is admissible only in aid of the ballot; it may not be received for the purpose of showing that the intention of the voter was in any way different from what plainly appears on the face of the ballot, nor may it be received when the ballot is too defective to express any intention whatever." 18 Am. Jur. p. 310.

"Such requirements are as a general rule held to be mandatory, although they may be regarded as merely directory; and through all of the cases the general principle of construction is recognized that a voter should not be disfranchised where it is clear that he has made an honest effort to comply with the statutory requirements, although he may not have been entirely successful.  *  *  *  Except in those cases in which statutes prescribing rules to be observed by a voter in the preparation of his ballot are shown to be mandatory by prohibitive terms, inhibiting the counting of a ballot in case of deviation from the rules, the cases all recognize that the intent of the voter is the prime consideration in determining the validity of the ballot; but this intent must be determined by an inspection of the ballot itself, read in the light of surrounding circumstances." 20 C. J. p. 154.

It is further to be noted that in our election statute, while provisions are made for the writing in or placing the name of a candidate *on a ticket,* there is no provision for the voting for such a candidate alone, but only when a cross is placed under the party name, resulting in a vote for the entire ticket. 1 Comp. Laws 1929, § 3111, subd. (4), as amended.

We have no doubt that a single candidate whose name does not appear on the ballot can be voted for. In the absence of any provisions for voting for a single candidate, where such a name is written in or placed on the ballot by the voter, it cannot be assumed, even by strict construction, or construing the provisions of the law as mandatory, that the statute here in question governs the instant case by virtue of the provisions relating to other methods of voting.

A striking instance of giving effect to the intention of the voter is found in subsection (6) of the

election law, above referred to, where it is provided that, when an elector votes a ticket by a cross in the circle under the party name and also writes in or places upon the ticket the name of a candidate opposite the name of an office, the vote shall be counted for such candidate, although the name of the original candidate, as printed on the ballot, is not erased therefrom. The effect of this provision of our statute is similar in principle to those adjudications which hold that, where a ballot is marked with cross marks in circles at the head of each of several tickets appearing thereon, it can be counted for no party, if all the tickets are complete, as such marks counteract each other; but that such ballots may be counted for the candidates on either of the tickets upon the other of which there are no opposing candidates. *Caldwell* v. *McElvain,* 184 Ill. 552 (56 N. E. 1012); *People, ex rel. Feeny,* v. *Board of Canvassers of Richmond County,* 156 N. Y. 36 (50 N. E. 425); 20 C. J. p. 160.

We are of the opinion that the ballots in question disclosed the intention of the voters. They placed stickers containing the name of defendant over the name of the only other candidate for the office of supervisor. While there were two tickets on the ballot, the name of only one candidate for the particular office was printed on the ballot. There were no crosses made on the ballots, but neither were there any in the *Johnson Case* or the *Sawyer Case,* although the statutes in effect at the time of the decisions in these cases provided that the voter should indicate on the ballot his choice of candidates. The voters in question apparently were interested only in this particular office. They signified no intentions with regard to any other of the candidates; they manifested their intentions with regard to this office by going to the trouble of placing a sticker

containing defendant's name on the ballot for the office of supervisor, leaving no other candidate on the ballot for the same office. It is impossible to escape the conclusion that their intention was clear and disclosed.

No provisions of the election law designed for the safeguarding and purity of elections was violated; nor does the claimed nonobservance of statutory rules in this case relate to provisions to protect against fraud, the law in such cases being most strictly construed.

There is no provision in the statute mandatory of the manner of voting for a single sticker candidate in an election; and the statute in none of its provisions is mandatory by prohibitive terms, inhibiting the counting of a ballot in case of deviation from the rules outlined therein. Many statutes of various States are drafted in such prohibitive terms. But in view of the fact that the legislature of this State has not seen fit so to provide, our conclusion is that the ballots in question are valid and should be counted for defendant.

The judgment of ouster is reversed and set aside, with costs to defendant.

SHARPE, C. J., and BUSHNELL, CHANDLER, and BUTZEL, JJ., concurred with McALLISTER, J.

BOYLES, J. (concurring). I concur in the result but not in some of the reasoning. There is only one question in this case. The township election ballot had two tickets but only one of them had the name of a candidate for supervisor. Eight voters pasted over this candidate's name a slip containing another candidate's name. No cross was made at the head of the ticket or before the slip-candidate's name. Should these eight votes be counted?

The circuit judge held they should not be, because the voters had failed to "indicate with pencil or pen" the candidate they desired to vote for. This is contrary to our previous decisions. When the case of *Sawyer* v. *Hart* (1916), 194 Mich. 399, was decided, the election law provided that if an elector desired to vote a straight ticket, he must make a cross in the circle under his party name at the head of the ballot; also if the elector wished to vote for a candidate not on any ticket, he must write or place the name of such candidate on his ticket and make a cross in the circle under the party name. (See 1 Comp. Laws 1915, § 3697 [Act No. 190, § 26, Pub. Acts 1891, as amended by Act No. 214, Pub. Acts 1901].) These provisions were held to be directory only in *Sawyer* v. *Hart, supra.* It was held that where the name of only one candidate appeared for any office on the ballot, an elector who pasted the name of a candidate over the name of another, without making a cross at the top of the ballot or before the name on the slip, had cast a legal vote for such candidate. This was in conformity with the holding in *Johnson* v. *Board of Canvassers,* 101 Mich. 187. The present statute is even less mandatory. It provides the elector shall "indicate with pencil or pen;" and if he desires to vote a straight ticket, he may make a cross at the head of his party ticket. 1 Comp. Laws 1929, § 3111, as amended by Act No. 297, Pub. Acts 1931 (Comp. Laws Supp. 1940, § 3111, Stat. Ann. § 6.400). Making a cross with pencil or pen is not mandatory. The plain intention of the voter when ascertained must govern.

Judgment reversed, with costs.

NORTH and WIEST, JJ., concurred with BOYLES, J.