## BURNS *v.* RODMAN.

1. Appeal and Error—Statement of Reasons and Grounds of Appeal—Questions Reviewable.

The effect of the filing of plaintiff's statement of reasons and grounds of appeal, specifying error in rulings by the trial court on ballots questioned in quo warranto proceedings, is to limit the plaintiff to disputing the court's rulings on ballots questioned.

2. Elections—One-Party Ballot—Crosses—Inferences.

Inference that voter who does not mark a 1-party ballot either in the circle at the top or in the square before each name intends to vote for *all* the persons on that ballot is negatived by the acts of the voter in placing a cross in squares before some names on such a ballot and not others.

3. Same—Voting Some Offices on Ballot.

A 1-party ballot which was marked by the voter as indicating his intent to vote for some offices on the ballot but which bears no mark indicating an intent to vote for defendant whose name was also printed thereon may not be counted as a vote for him.

4. Appeal and Error—Cross Appeal—Reasons Rejected by Trial Court.

An appellee may properly urge on appeal in support of the judgment in his favor reasons presented to, but rejected by, the trial court.

5. Elections—Voting by Sticker.

A voter who has taken the pains to attach a sticker may not lose his vote because he fails to mark on the sticker an "X" in front of the name of the sticker candidate (CL 1948, § 178.19).

---

References for Points in Headnotes

[1] 3 Am Jur, Appeal and Error §§ 694, 695.
[2] 18 Am Jur, Elections § 184 *et seq.*
[3] 18 Am Jur, Elections §§ 185-187.
[4] 3 Am Jur, Appeal and Error § 866.
[5-7] 18 Am Jur, Elections § 192.
[8, 9] 18 Am Jur, Elections § 196 *et seq.*
[10] 18 Am Jur, Elections § 194.

6. Same—Location of Sticker—Intent of Voter.

Intention to vote for person whose name appeared on sticker was manifested, where sticker was placed at the name of the office instead of precisely over the name of the candidate whose name was printed on the 1-party ballot, and the latter's name was neither obliterated nor stricken (CL 1948, § 178.19).

7. Same—Stickers—Exposure of Two Squares.

A ballot was properly counted for sticker candidate, notwithstanding the voter so placed the sticker as to leave exposed the printed square as well as the square on the sticker and marked each square, where it does not appear that voter made additional marks to distinguish his ballot (CL 1948, § 178.19).

8. Same—Stickers—Markings in Squares.

Ballots containing slips for sticker candidate on which there were horizontal blue pencil marks were properly counted for such candidate, where it does not appear the voters made the marks for the purpose of distinguishing the ballots (CL 1948, § 178.19).

9. Same—Stickers—Markings in Squares.

Ballots containing stickers on which square had apparently been marked by blue pencil before handing them to voters and upon which voters thereafter superimposed pen and ink or black pencil marks were properly counted for the sticker candidate, where there is no reason to believe the added markings were for the purpose of distinguishing the ballots (CL 1948, § 178.19).

10. Same—Absentee Voters' Ballots—Premarked Stickers.

Absentee voters' ballots on which voters had placed stickers, premarked by blue pencil, were properly counted for sticker candidate, where in each instance the voter had otherwise indicated his intention to vote for the sticker candidate by other marks (CL 1948, § 178.19).

11. Same—Stickers—Cross.

It is not mandatory that the voters themselves place the cross on the sticker when voting for a sticker candidate.

12. Same—Tie Vote—Erroneous Inclusion of Ballots.

Determination of trial court that vote for supervisor had been a tie, resolved by drawing by lot, is reversed, where some ballots had been erroneously determined to have been voted for defendant.

Appeal from Schoolcraft; Runnels (Herbert W.), J. Submitted January 11, 1955. (Docket No. 71, Calendar No. 46,210.) Decided June 6, 1955.

Quo warranto proceedings by Herbert Burns against William Rodman to try the title to the office of township supervisor. Judgment for defendant. Plaintiff appeals. Reversed and remanded for entry of judgment for plaintiff.

*George S. Baldwin,* for plaintiff.

*Herbert, Wood & Hood,* for defendant.

REID, J. On leave granted by the circuit court, plaintiff filed an information in the nature of quo warranto and after a trial now appeals from the judgment of the circuit court. The information was for the purpose of testing the title to the office of supervisor of the township of Manistique in Schoolcraft county resulting from the spring election of April 6, 1953. Plaintiff Burns and defendant Rodman were both candidates at that election for the office of supervisor. Plaintiff was a "sticker" candidate. Defendant's name was printed on the only ticket appearing on the ballot.

The effect of the filing of plaintiff's statement of reasons and grounds of appeal, specifying error in rulings by the trial court on ballots, is to limit plaintiff on this appeal to disputing the court's rulings on 7 ballots, exhibits Nos 1 and 2, and exhibits K, L, M, N and O. Plaintiff in his questions involved does not question the court's ruling on ballots, exhibits Nos 1 and 2. The court determined that each candidate received 178 votes. The tie was decided by lot, resulting in favor of defendant Rodman, and the court entered judgment in favor of defendant accordingly.

Defendant's name was printed on the sole ticket on ballots, exhibits K, L, M, N and O, and not marked off; these 5 ballots contain no slips for plaintiff nor mark in the square for defendant; there was no cross in the circle at the top of any of the 5 ballots; there were crosses in the squares in front of the printed names of candidates for some of the offices other than supervisor on each ballot. Plaintiff claims and defendant denies that the court was in error in counting these 5 ballots as votes for defendant.

If there had been no crosses in the squares in front of the names of any of the candidates for other offices on the 5 ballots, then *Johnson* v. *Board of Canvassers of Village of Casnovia,* 101 Mich 187, would have been authority for defendant's contention respecting these 5 ballots. There were no ballots in the *Johnson Case* that were in the same condition as the 5 ballots in dispute above mentioned. The *Johnson Case* does not sustain defendant's argument.

In the *Johnson Case,* it was by inference only (not by statutory provision) that the court considered that on a 1-party ballot, no marks being in the circle at the top and *no mark whatever being on the ballot,* altogether the intent is shown on the part of the voter to vote for all candidates whose names appear on the ballot. See page 192 of the *Johnson Case.* This inference is negatived by the acts of the voters in the instant case in actually putting some marks on each of the 5 ballots, by voting for some of the candidates for other offices. This negation is analogous to the principle that *"expressio unius est exclusio alterius."* The voter's marking for some other candidates for the other offices negatives the inference which arises when he does not mark in the circle at the top of the ticket nor yet in the square in front of a candidate's name nor put a sticker on the ballot, that then he must have intended to vote the entire printed ticket and for all the candidates

whose names were printed in the only ticket on the ballot, otherwise his ballot would count for nothing. There was no mark in the circle at the top nor in the square in front of defendant's name on any of the 5 ballots in question.

The case of *Sawyer* v. *Hart,* 194 Mich 399, 404, does not rule that the striking off of the name under the circumstances described in that opinion is necessary, only that it is permissible.

Not one of the 5 ballots (K, L, M, N and O) bore any indication of an intent of the voter to vote for Rodman, but each of the 5 ballots carried evidence of the intent of the voter to select and vote for candidates for offices other than supervisor.

Plaintiff appellant claims that defendant appellee, having taken no cross appeal, may not urge in support of the judgment in his favor, reasons rejected by the trial court. However, in favor of the contrary proposition, see *Grant* v. *Merchants' and Manufacturers' Bank of Detroit,* 35 Mich 515; *Robertson* v. *Gibb,* 38 Mich. 165; *Lambert* v. *Griffith,* 44 Mich 65; *Bundy* v. *Youmans,* 44 Mich 376; *Regents of the University of Michigan* v. *Rose,* 45 Mich 284. Also, *Township of Pontiac* v. *Featherstone,* 319 Mich 382; *Morris* v. *Ford Motor Company,* 320 Mich 372; *Fass* v. *City of Highland Park,* 321 Mich 156; *Bostrom* v. *Jennings,* 326 Mich 146; and *Menendez* v. *City of Detroit,* 337 Mich 476.

While it might simplify the briefs filed in this Court if the appellee had served on the appellant, before the appellant filed his brief, a statement of what reasons rejected by the trial court, if any, the appellee would rely upon to sustain his case in this Court, still we feel constrained to consider appellee's claims in this Court as to matters which were presented to the trial court.

Appellee claims that if we reverse the ruling of the trial judge on exhibits K, L, M, N and O, then

we are in duty bound to reverse the trial judge in his rulings counting exhibits 9, 10, 11, 12 and 13 for plaintiff Burns. However, there is this distinction: exhibits 9, 10 and 11 contained unmarked stickers for plaintiff Burns. Under the decision of this Court in *Sawyer* v. *Hart, supra,* it was not necessary when the voter had taken the pains to attach a sticker, to also mark on the sticker an "X" in front of the name of the sticker candidate. As to exhibits 12 and 13, stickers in each case were placed not precisely over the name of defendant Rodman but were placed at the name of the office, supervisor, for which office the slip was intended to indicate a vote for plaintiff Burns.

In *Sawyer* v. *Hart, supra,* the other candidate's name was obliterated but in that case we say, p 401:

"On one ballot Hart's slip ('For Treasurer') is pasted over the printed portion of the ticket, reading 'For Treasurer,' and Sawyer's name, just at the right, is erased with a blue pencil mark."

Though the ballots 12 and 13 in this case are not precisely the same as the ballots in the *Sawyer Case* just spoken of, still we think there was a sufficient intention manifested on the ballots 12 and 13 to indicate fairly clearly the intent of the voter of each ballot to cast a ballot for plaintiff Burns as the sticker candidate.

The trial court in his opinion stated:

"The remaining question concerns plaintiff's exhibits 12 and 13, in which the Burns slip was pasted not opposite the name of the office but directly under the name of the office of supervisor. No part of the name of William Rodman was obliterated by the sticker and the name of William Rodman was not stricken out. Although these ballots do not comply strictly with the requirements of  *  *  *  (CL 1948, § 178.19 [Stat Ann 1953 Cum Supp § 6.400]) I am

of the opinion that that statute is directory only and not mandatory in requiring that the sticker be placed opposite the name of the office, and, therefore, such ballots will be counted for Mr. Burns."

The 5 ballots, exhibits 9, 10, 11, 12 and 13, were all properly counted in favor of plaintiff Burns by the trial judge and we sustain the ruling of the trial judge in those particulars.

As to the 1 ballot, exhibit H, the voter twice indicated his intention, once in the printed square and once on the square on the slip. As to exhibit H, the court in his opinion says:

"Defendant's exhibit H, by reason of the position of the sticker, left exposed 2 squares in front of Burns' name, and each of these squares contained a cross. I do not believe this was done intentionally for the purpose of distinguishing the ballot, and, therefore, I hold it to be a valid vote for Mr. Burns."

We consider this ruling was correct and affirm it.

As to exhibits I and J, there were horizontal lines in a square. The ballots contained slips for Burns, plaintiff. As to these 2 ballots, the court ruled as follows in his opinion:

"Defendant's exhibits I and J each had a square completely blocked in with blue pencil marks. Although this was, of course, intentionally done, I do not believe it was done for the purpose of distinguishing the ballot, and, therefore, they will be counted for Mr. Burns."

This ruling, also, we affirm as to exhibits I and J.

Exhibit B was described and commented on in the court's opinion as follows:

"Defendant's exhibit B consisted of 5 ballots wherein a blue cross contained in the square of the Burns slip affixed to the ballot was marked over with either pen and ink or a black pencil so that each of

these 5 ballots had a pen and ink or black pencil cross superimposed over a blue cross without completely obliterating the underlying blue cross. There being no reason to believe this was done for the purpose of distinguishing the ballots, these 5 ballots will be counted for Mr. Burns."

Apparently the blue cross on each of these 5 stickers had been affixed before the sticker had been handed to the voter and the voter in each case apparently reaffirmed the indication, the cross, in front of Burns' name. We affirm the ruling of the trial court as to the 5 ballots constituting exhibit B.

Concerning a group of ballots, exhibit A, the court in his opinion stated as follows:

"The 44 ballots comprising defendant's exhibit A (plus the 2 ballots comprising defendant's exhibits F and G already discussed) were all absent voter's ballots in which the 'X' on the Burns sticker was in blue pencil and there were other marks on every ballot, all of which other marks were either in pen and ink or black pencil. Defendant claims that the slips pasted on these ballots had been marked by Mr. Burns or someone in his behalf before they were given to the voters and the fact that the marks were not made by the voter made the votes invalid. Plaintiff claims that there is no proof that these blue marks were made by anyone other than the voter, and that even if made by Mr. Burns, it is no reason to invalidate the ballots. I am not impressed by plaintiff's argument that there is no proof that the voter himself did not make these marks. It is ridiculous to contend that out of the small number of votes cast in this election, 46 absent voters just happened to pick up a blue pencil to mark part of the ballot and then discard the blue pencil and mark the remainder of the ballot with ink or black pencil. Defendant's witnesses and the evasive manner in which plaintiff gave his testimony furnish additional reasons for the court to find, and the court does find

that the blue marks on the slips on these ballots were not placed there by the voter. However, I do not believe that this furnishes a basis for invalidating such ballots. The intention of the voters to vote for Mr. Burns is clear and the court holds it not to be mandatory that the voters themselves place the cross on the sticker."

We affirm the ruling of the trial court in respect to this group of 44 ballots, exhibit A, considering that the reasons as recited by the trial judge are correct, and similarly, exhibits F and G, over which a discussion by the attorneys appears to have occurred, are considered to be included in effect.

The testimony that Burns passed out slips already marked and that the ballots with such slips on them were cast in the election, does not constitute a reason for declaring the ballots void or refusing to count them for Burns.

The trial court was in error in counting the 5 ballots, exhibits K, L, M, N and O, for defendant Rodman. All other rulings of the trial court, we affirm.

The result should have been declared by the trial court as 178 votes for plaintiff and 173 votes for defendant. The court was in error in determining that the election resulted in a tie and declaring defendant elected because of the result of drawing by lot favoring Rodman, defendant. The judgment appealed from is reversed. The case is remanded to the circuit court with directions to enter a judgment in favor of plaintiff. Costs to plaintiff.

CARR, C. J., and BUTZEL, SMITH, SHARPE, BOYLES, DETHMERS, and KELLY, JJ., concurred.