GRAND RAPIDS & INDIANA RAILWAY CO. *v.* MICHIGAN RAILROAD COMMISSION.

1. Carriers—Petitions—Railroad Commission—Navigation Companies—Establishing Routes.

Navigation companies are within the class entitled, under Act No. 300, Pub. Acts 1909, to make complaint to the Michigan Railroad Commission praying for the establishment of through routes and joint rates for passengers upon railroads between designated points, and the fact that the commission has no jurisdiction over water lines is immaterial.[1]

2. Same—Appeal and Error—Orders.

Where the conclusion arrived at by the commission is justified by the testimony, this court will not, on appeal, substitute its judgment for that of the commission.

[1] As to delegation to railroad commissioners of power to regulate carriers, see note in 32 L. R. A. (N. S.) 639.

3. Same — Railroad Commission — Injunction — Establishing
Routes and Rates.

In proceedings by a railroad company for the vacating of
an order issued by the Michigan Railroad Commission for
the establishment of through routes and joint rates by
complainant and another railroad between points on both
lines, where complainant's line, after reaching a certain
point, runs nearly at right angles to the other railroad,
and does not originate its traffic in the same general terri-
tory as the other road, the order of the commission will
not be set aside on the ground that there is already a
satisfactory route through the same territory.

Appeal from Kent; McDonald, J. Submitted June
18, 1915. (Docket No. 107.) Decided September 28,
1915.

Bill by the Grand Rapids & Indiana Railway Com-
pany against the Michigan Railroad Commission for
the vacating of an order issued by said defendant, and
other relief. Dudley E. Waters and Paul H. King, as
receivers of the Pere Marquette Railroad Company,
filed petition for leave to intervene as defendants.
From a decree for defendants, complainant appeals.
Affirmed.

*James H. Campbell,* for complainant.

*Parker, Shields & Brown* (*Seward L. Merriam* and
*John C. Bills,* of counsel), for interveners.

*Grant Fellows,* Attorney General, and *David H.
Crowley,* Assistant Attorney General, for Michigan
Railroad Commission.

*Boudeman & Adams,* for petitioner.

Bird, J. James B. Balch, of Kalamazoo, filed his
petition with the Michigan railroad commission, pray-
ing that an order be made requiring the Grand Rapids
& Indiana Railway Company and the Pere Marquette
Railroad Company to establish a through route and

joint rate for passengers and baggage from Kalamazoo to Charlevoix. Subsequently the Detroit & Cleveland Navigation Company and the Northern Steamship Company filed petitions, asking that a through route and joint rate be made by complainant and the Pere Marquette from points south and east of Grand Rapids, on the Pere Marquette, to the city of Mackinaw. The applications were consolidated, and after a hearing thereon, at which the interested parties were present, the commission ordered:

"That said Grand Rapids & Indiana Railway Company and said Pere Marquette Railroad Company establish and make effective a through route and joint rate for the transportation of passengers and baggage to and from the station of Charlevoix, on the line of said Pere Marquette Railroad, and points south of the city of Grand Rapids, on the line of the Grand Rapids and Indiana Railway, with interchange at the stations of Bay View or Petoskey, *and that said Grand Rapids & Indiana Railway Company and said Pere Marquette Railroad Company establish and make effective a through route and joint rate for the transportation of passengers and baggage from points south and east of the city of Grand Rapids, on the line of the Pere Marquette Railroad, north to the station of Mackinaw City, upon the line of the Grand Rapids & Indiana Railway, with interchange at the stations of Bay View or Petoskey.*"

Complainant, being aggrieved at that part of the order which appears in italics, and which ordered it and the Pere Marquette to establish a through route to Mackinaw, filed its bill of complaint in the Kent circuit court, with the view of having it set aside as unreasonable and void. This proceeding resulted in a decree denying the relief prayed and dismissing complainant's bill. On appeal several questions are raised, which, if well taken, will affect the validity of the order.

1. It is first insisted that the commission had no

jurisdiction to make that part of the order which re-
quires it to establish a through route and joint rate
from points on the Pere Marquette to Mackinaw City.
It is asserted that the commission can act only on com-
plaint, and that there was no valid complaint before
the commission which would justify that part of the
order. The part of the order objected to depends for
jurisdiction upon the petitions of the Detroit & Cleve-
land Navigation Company and the Northern Steam-
ship Company, and it is argued that the Michigan
railroad commission has no jurisdiction of boat lines,
and therefore their petitions are of no force; that they
are the same as no petitions.

Section 22 of the Michigan railroad act (Act No. 300,
Pub. Acts 1909) points out who may make complaint:

"Upon the complaint in writing of any person, firm
or corporation or association, or of any mercantile,
agricultural or manufacturing society, or any body
politic or municipal organization.  *   *   *"

Both of these navigation companies are within the
class mentioned in this provision, and it is of no im-
portance that the commission has no jurisdiction over
their business or over water rates. They are corpora-
tions. This fact gives them the right to make com-
plaint. The business they are engaged in is imma-
terial, so far as their right is concerned to make com-
plaint to the commission. The hearing disclosed, how-
ever, that they have an interest in having the railroads
join in this through route and joint rate. This point
we think is without merit.

2. The second contention is that the commission was
without authority to make the order, because it was
shown that there was at the date of the hearing a
satisfactory through route from Grand Rapids to
Mackinaw. The argument that complainant's counsel
makes on this question is open to criticism, in that it
is based upon a wrong premise. His argument assumes

that the order was made to apply to Grand Rapids, whereas an examination of it will show that it was not made to apply to Grand Rapids but made to apply to points on the Pere Marquette south and east of Grand Rapids to Mackinaw. So, then, the question which the commission really considered and decided was, not whether there was a satisfactory through route from Grand Rapids to Mackinaw City, but whether there was a satisfactory through route between Mackinaw City and points on the Pere Marquette south and east of Grand Rapids. Testimony was offered before both the court and commission bearing on this question. The train schedules of both roads were introduced, and explanatory testimony of the operation of trains was given by those having them in charge. The question was one of fact, and the testimony before the commission was sufficient to support the conclusion reached. If the conclusion arrived at by the commission finds justification in the testimony, this court will not substitute its judgment for that of the commission. *Interstate Commerce Com'n* v. *Railroad Co.*, 227 U. S. 88 (33 Sup. Ct. 185); *Detroit, etc., R. Co.* v. *Railroad Com'n*, 171 Mich. 335 (137 N. W. 329).

3. The further argument is made by complainant in this connection that the question is settled in its favor by the case of *Interstate Commerce Com'n* v. *Railway Co.*, 216 U. S. 538 (30 Sup. Ct. 417); the facts of which are said to bear close analogy to the ones involved here. In that case the commission made an order establishing a through route and joint rate for passangers and baggage on the Northwestern-Union Pacific lines, beginning with Colorado points and extending as far east as Chicago, to Seattle via Portland. The line from Seattle to Portland is owned and operated by the Northern Pacific. The Federal court set aside the order of the commission, on the ground that the Northern Pacific Railway was already operating

a satisfactory route through substantially the same territory. The cardinal difference between these cases lies in the fact that in *Interstate Commerce Com'n v. Railway Co., supra,* the commission had established a second through route over lines which drew their traffic from the same general territory that the Northern Pacific and Burlington lines do. As is well known, the Northwestern-Union Pacific lines are parallel with those of the Burlington and Northern Pacific, while in the case before us the Pere Marquette line, after leaving Grand Rapids, runs nearly at right angles to complainant's line, and does not originate its traffic in the same general territory traversed by the complainant. In order to make the case under consideration analogous to the case cited, it would be necessary to make the Pere Marquette line parallel with complainant's, with both drawing traffic from competitive territory.

We are all of the opinion that the commission, not only had jurisdiction in the premises, but was acting within its authority in making the order. The decree of the lower court is affirmed, with costs of this court to the defendants.

BROOKE, C. J., and KUHN, STONE, OSTRANDER, MOORE, and STEERE, JJ., concurred.

The late Justice MCALVAY took no part in this decision.