ATTORNEY GENERAL v PUBLIC SERVICE COMMISSION NO 2

Docket No. 93643. Submitted March 3, 1988, at Lansing. Decided June 10, 1988.

On July 26, 1983, the Public Service Commission decided Case No. U-7488R, by which it approved Consumers Power Company's 1983 gas supply and cost review, which included a minimum bill payment arising from the terms of a 1970 long-term supply contract between Consumers and a pipeline gas supplier. The Attorney General appealed the commission's decision to the Ingham Circuit Court, contesting the inclusion of minimum bill payments in gas cost recovery factors. The court, James T. Kallman, J., affirmed the decision of the PSC. The Attorney General appealed to the Court of Appeals, claiming that the PSC acted unreasonably and unlawfully in including the minimum bill payment in Consumers' cost of gas sold because the cost was unreasonably and imprudently incurred by Consumers.

The Court of Appeals held:

Neither Consumers' 1970 projections of its future gas needs nor its 1983 decision to purchase from alternate sources of supply was unreasonable or imprudent. Furthermore, since the prices charged by the supplier were approved by the Federal Energy Regulatory Commission, supremacy clause considerations preclude the PSC from independently evaluating the reasonableness of the contract price between Consumers and the supplier.

Affirmed.

PUBLIC UTILITIES — GAS COST RECOVERY — REASONABLENESS OF
    PRICING — FEDERAL ENERGY REGULATORY COMMISSION — SU-
    PREMACY CLAUSE.

Supremacy clause considerations preclude the Public Service Commission from independently evaluating the reasonableness of the contract price for supplies of gas between a public utility

REFERENCES

Am Jur 2d, Public Utilities §§ 230 et seq.

See the Index to Annotations under Federal Energy Regulatory Commission; Public Service Commission; Utilities.

and its pipeline supplier where the prices charged by the supplier have already been approved by the Federal Energy Regulatory Commission (US Const, art VI, § 2).

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, and *Hugh B. Anderson* and *Donald E. Erickson,* Assistant Attorneys General, for plaintiff.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, and *Don L. Keskey* and *Henry J. Boynton,* Assistant Attorneys General, for the Public Service Commission.

*Loomis, Ewert, Ederer, Parsley, Davis & Gotting* (by *George W. Loomis, Michael G. Oliva,* and *Ronald W. Bloomberg*), and *David A. Mikelonis* and *Frank A. Knox,* for Consumers Power Company.

Before: SAWYER, P.J., and KELLY and J. J. RASHID,* JJ.

PER CURIAM. In its basic underlying facts and legal issues, the present case is indistinguishable from *Attorney General v Public Service Comm No 1,* 171 Mich App 696; — NW2d — (1988), which is also released herewith. To the extent the issues in the two cases are identical, what was said in this Court's opinion in that case applies here and need not be repeated.

The only difference in the two cases is that here the Attorney General argues that the 1983 minimum bill payment involved, in excess of $20 million, was not reasonably and prudently incurred, as required by § 6h(12) and (14) of the Public Service Commission act.

The minimum bill payment generated in 1983

---

* Circuit judge, sitting on the Court of Appeals by assignment.

arises from the terms of a 1970 long-term supply contract between Consumers Power Company and Trunkline Gas Company, a pipeline supplier. In entering into such a long-term agreement, Consumers was required to project its anticipated gas needs more than a decade in advance.

Thirteen years later, during actual operations in 1983, Consumers had available an alternate source of supply, at lower cost, but one which it could not have foreseen with any certainty in 1970. It was more beneficial to Consumers and its customers for Consumers to use the alternate source of supply and make payments under its minimum contract clause with Trunkline than to take all its gas needs from Trunkline at a higher price. We thus agree with Consumers that its 1970 projections have not been shown to have been unreasonable or imprudent, thereby justifying the annual contract quantity and minimum contract quantity under its contract with Trunkline, and that Consumers' decision in 1983 to purchase from alternate sources of supply—at sufficiently lower cost such that, despite the need to trigger the minimum contract quantity provision under its contract with Trunkline, Consumers and hence its customers purchased the full quantity of gas needed at a total lower cost than would otherwise have been the situation—was also reasonable and prudent. Thus, the decisions at each end of the transaction were reasonable and prudent; moreover, since the prices charged by Trunkline were approved by the Federal Energy Regulatory Commission, supremacy clause considerations preclude a state commission, such as the PSC, from independently evaluating the reasonableness of the contract price between Consumers and Trunkline.

Affirmed.