ATTORNEY GENERAL v PUBLIC SERVICE COMMISSION NO 1

Docket No. 93641. Submitted March 3, 1988, at Lansing. Decided
June 10, 1988.

On September 21, 1983, Consumers Power Company filed with
the Michigan Public Service Commission its application (Case
No. U-7779) seeking approval of its gas cost recovery plan and
factors for 1984. Following the requisite hearings, the commission, on May 21, 1985, issued an order approving the GCR plan
and factors for the 1984 calendar year. The Attorney General
appealed to the Ingham Circuit Court, which, on June 12, 1986,
affirmed in all respects the order of the commission, Michael G.
Harrison, J. The Attorney General appealed to the Court of
Appeals, raising the issue whether the commission acted reasonably and lawfully in allowing Consumers to recover, under a
gas cost recovery clause, additional charges imposed pursuant
to an arrangement with a supplier by virtue of which Consumers must pay for a minimum amount of natural gas, even if it
takes delivery of a lesser amount.

The Court of Appeals held:

1. Witnesses for parties who opposed recoupment of the costs
under a gas cost recovery clause did not challenge the propriety
of allowing Consumers to recover the cost in some fashion,
although they suggested that treating the costs as administrative would be more appropriate. Thus, since any of the proposed methods of recovery would have been reasonable, the
commission's decision cannot be deemed arbitrary, capricious,
or an abuse of discretion, and appellate interference would be
inappropriate.

2. There is nothing about the minimum contract requirement
between Consumers and its supplier that is less than reasonable and prudent. Over the nineteen-year life of the contract,
the clause provided gas to Consumers at favorable rates. The
fact that less gas was used by Consumers' customers during the

REFERENCES

Am Jur 2d, Public Utilities §§ 218 et seq., 230 et seq.

Amount paid by public utility to affiliate for goods or services as
includible in utility's rate base and operating expenses in rate
proceeding. 16 ALR4th 454.

1984 accounting year, thereby triggering an additional payment under the minimum contract quantity clauses, does not render the agreement unreasonable or imprudent.

3. The statutory phrase "booked costs of gas sold" subsumes, as part of the cost of gas "sold," any additional payment which Consumers must make to its suppliers pursuant to the take-or-pay arrangement. Such payments are as much a part of the cost of "gas sold" as any other portion of the payments made to the supplier.

Affirmed.

1. PUBLIC UTILITIES — PUBLIC SERVICE COMMISSION — GAS COST RECOVERY — ACCOUNTING METHODS — APPEAL.

The Michigan Public Service Commission's selection among competing reasonable accounting methods when accepting or rejecting a gas cost recovery plan and factors is a legislative, not an adjudicative act; where any of the proposed methods of accounting would be reasonable, the commission's choice of one over another cannot be deemed arbitrary, capricious, or an abuse of discretion, and appellate interference with that choice would be inappropriate.

2. PUBLIC UTILITIES — GAS COST RECOVERY — BOOKED COSTS OF GAS SOLD — TAKE-OR-PAY ARRANGEMENTS.

The statutory phrase "booked costs of gas sold" subsumes, as part of the cost of gas "sold," any additional payment which a utility must make to its supplier pursuant to a take-or-pay arrangement; such payments are as much a part of the cost of "gas sold" as any other portion of the payments made to the supplier (MCL 460.6h[1][b]; MSA 22.13[6h][1][b]).

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, and *Hugh B. Anderson* and *Donald E. Erickson,* Assistant Attorneys General, for plaintiff.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, and *Don L. Keskey* and *Philip J. Rosewarne,* Assistant Attorneys General, for the Public Service Commission.

*Loomis, Ewert, Ederer, Parsley, Davis & Gotting* (by *George W. Loomis, Michael G. Oliva,* and *Ronald W. Bloomberg*), and *David A. Mikelonis,*

*Allen B. Bass,* and *Frank R. Knox,* for Consumers Power Company.

Before: Sawyer, P.J., and Kelly and J. J. Rashid,* JJ.

Per Curiam. In this appeal as of right, the Attorney General challenges the propriety of allowing Consumers Power Company to recover, under a gas cost recovery clause, additional charges imposed pursuant to an arrangement with a supplier by virtue of which Consumers must pay for a minimum amount of natural gas, even if it takes delivery of a lesser amount.

As we read the conflicting testimony of various witnesses, it is clear to us, as it was to the Public Service Commission, that this is an accounting problem. Witnesses for parties who opposed recoupment of these costs under a gas cost recovery clause did not challenge the propriety of allowing Consumers Power Company to recover the cost in some fashion, although they suggested that treating these costs as administrative would be more appropriate.

The commission's selection among competing reasonable accounting methods is a legislative, not an adjudicative, act. Since any of the proposed methods would have been reasonable, the commission's decision cannot be deemed arbitrary, capricious, or an abuse of discretion, and appellate interference would be inappropriate. *Michigan Consolidated Gas Co v Public Service Comm,* 389 Mich 624; 209 NW2d 210 (1973).

Nor do we find anything about the minimum contract requirement between Consumers and its supplier that is less than reasonable and prudent. See *Attorney General v Public Service Comm,* 161

---

* Circuit judge, sitting on the Court of Appeals by assignment.

Mich App 506, 516-518; 411 NW2d 469 (1987).
Over the nineteen-year life of the contract, the
clause provided gas to Consumers, and therefore to
its customers, at favorable rates; the mere fact
that, for the 1984 accounting year, less gas was
used by Consumers' customers, thereby triggering
an additional payment under the minimum con-
tract quantity clause, does not render the agree-
ment unreasonable or imprudent.

We are also of the opinion that, by the under-
stood meaning of the terms in context, the statu-
tory phrase "booked costs of gas sold," MCL
460.6h(1)(b); MSA 22.13(6h)(1)(b), subsumes, as part
of the cost of gas "sold," any additional payment
which Consumers must make to its suppliers pur-
suant to the take-or-pay arrangement. Such pay-
ments are as much a part of the cost of "gas sold"
as any other portion of the payments made to the
supplier.

Affirmed.