NRECAJ v YONO

Docket No. 101742. Submitted April 7, 1988, at Detroit. Decided
December 19, 1988.

Plaintiff, Tush T. Nrecaj, entered a store operated by defendant,
Lamia Yono, doing business as Yono Gift & Boutique. Defen-
dant thought plaintiff was acting nervous, suspiciously, and had
a gun and intended to rob the store. Defendant summoned the
police who questioned and frisked the plaintiff, but found no
weapon. Plaintiff was not arrested. Plaintiff then brought an
action in the Oakland Circuit Court alleging that defendant
was negligent in calling the police about plaintiff because
defendant's suspicions were unreasonable. Plaintiff did not
allege that defendant acted in bad faith. The trial court, Robert
L. Templin, J., entered an order granting summary disposition
to defendant on the basis of MCR 2.116(C)(10). Plaintiff ap-
pealed.

The Court of Appeals *held:*

1. A citizen owes no duty to act with reasonable care in
deciding to call the police when the citizen, in good faith,
believes he or another is in danger.

2. Plaintiff failed to state a cause of action for negligence
since defendant owed plaintiff no duty. Summary disposition on
the basis of MCR 2.116(C)(8) is proper. Although the trial court
based its decision on MCR 2.116(C)(10), reversal is not required
where the court assigned a wrong reason to the correct result.

Affirmed.

1. NEGLIGENCE — DUTY — QUESTIONS OF LAW.

A plaintiff must prove, among other elements, that the defendant
owes a legal duty to the plaintiff in order to establish a cause of
action for negligence; the question whether a duty exists is one
of law to be decided by the court.

REFERENCES

Am Jur 2d, Appeal and Error §§ 948 *et seq.*

Am Jur 2d, Negligence §§ 33 *et seq.*

See the Index to Annotations under Degree and Standard of Care;
Negligence.

2. NEGLIGENCE — DUTY — SUMMONING POLICE.
    A citizen owes no duty to act with reasonable care in deciding to
    call the police when the citizen, in good faith, believes he or
    another is in danger; the citizen does not have to satisfy an
    objective standard of reasonableness before he is justified in
    calling the police to investigate a perceived threat.

3. APPEAL — REMEDIES.
    Reversal is not required where the trial court assigned a wrong
    reason to the correct result.

*Jeffrey W. Perlman,* for plaintiff.

*Kohl, Secrest, Wardle, Lynch, Clark & Hampton* (by *Michael L. Updike* and *Daniel P. Makarski*), for defendant.

Before: HOLBROOK, JR., P.J., and MACKENZIE and N. A. BAGULEY,* JJ.

N. A. BAGULEY, J. Plaintiff appeals as of right from a circuit court order granting summary disposition in favor of defendant. We affirm.

On April 17, 1986, plaintiff entered Yono Gift & Boutique, which is operated by defendant, Lamia Yono, and her husband, Gabriel Yono. The Yonos thought that plaintiff was acting in a nervous, suspicious manner, suspected that plaintiff had a gun and intended to rob them, and, consequently, summoned the police. The police questioned and frisked plaintiff but found no weapon. Plaintiff was not arrested. Plaintiff sued defendant, alleging that defendant was negligent in calling the police about plaintiff because defendant's suspicions were unreasonable. There was a dispute between the parties as to the exact conduct exhibited by plaintiff that resulted in defendant's calling the police.

At a hearing on June 8, 1987, the circuit court granted summary disposition to defendant pursu-

* Circuit judge, sitting on the Court of Appeals by assignment.

ant to MCR 2.116(C)(10). Relying on *Flanigan v Chase,* 291 Mich 463; 289 NW 216 (1939), the court ruled that a person has the right to control and regulate his private business and to exclude anyone from his business who is objectionable. The court found that defendant's actions in calling the police to investigate plaintiff's allegedly suspicious behavior were logical and reasonable.

Plaintiff argues that summary disposition should not have been granted to the defendant by the lower court because there was a disputed question of fact as to whether defendant's suspicions were reasonably based. Plaintiff asserts that defendant had a duty to use reasonable care in deciding whether to call the police, that defendant's suspicions were unreasonable under the circumstances, and that defendant, therefore, acted negligently in calling the police. Plaintiff does not allege that defendant acted in bad faith.

In order to establish a cause of action for negligence, the plaintiff must prove, among other elements, that the defendant owes a legal duty to the plaintiff. *Sierocki v Hieber,* 168 Mich App 429, 433; 425 NW2d 477 (1988). The question whether a duty exists is one of law to be decided by the court. *Stefani v Capital Tire, Inc,* 169 Mich App 32, 38; 425 NW2d 500 (1988).

We hold that a citizen owes no duty to act with reasonable care in deciding to call the police when the citizen, in good faith, believes he or another is in danger. A citizen should not have to satisfy an objective standard of reasonableness before he is justified in calling the police to investigate a perceived threat. A citizen has a right and privilege to aid in the execution of laws by giving information to the proper authorities. See *Hall v Pizza Hut of America, Inc,* 153 Mich App 609; 396 NW2d

809 (1986). When a person perceives himself to be in a potentially dangerous situation, he acts consistent with the principles of a civilized society by summoning those who are appointed to investigate such matters and acting upon their judgment.

Since this defendant owed plaintiff no duty, plaintiff has failed to state a cause of action for negligence. *Sierocki, supra.* Summary disposition pursuant to MCR 2.116(C)(8) is therefore proper. Summary disposition on this ground is proper when the claim, as stated in the pleadings, is so clearly unenforceable as a matter of law that no factual development could possibly justify a right to recovery. *Sierocki, supra.*

Although the circuit court granted summary disposition on the basis of MCR 2.116(C)(10), we affirm the grant of summary disposition on the basis of MCR 2.116(C)(8). Reversal is not required where the trial court assigned a wrong reason to the correct result. *People v Beckley,* 161 Mich App 120, 131; 409 NW2d 759 (1987).

Affirmed.