ASSOCIATION OF BUSINESSES ADVOCATING TARIFF EQUITY v
PUBLIC SERVICE COMMISSION

Docket No. 129564. Submitted June 4, 1991, at Lansing. Decided
November 18, 1991, at 9:20 A.M. Leave to appeal sought.

Michigan Consolidated Gas Company filed applications with the
Public Service Commission, seeking approval of its 1989 gas
cost recovery plan (case no. U-9174) and the approval of certain
general rates (case no. U-8812). The PSC consolidated the cases
and permitted the Residential Ratepayer Consortium, the Asso-
ciation of Businesses Advocating Tariff Equity (ABATE), and
others to intervene. The PSC held that Michigan Consolidated
should be allowed to collect its current take-or-pay costs,
charges that interstate gas pipelines must pay to gas producers
whether or not they took gas at the levels specified in their
long-term gas purchase contracts with the producers, and that
the 1989 gas cost recovery plan, as revised by the PSC's order,
was approved as reasonable and prudent. Michigan Consoli-
dated was also authorized to assess its transportation custom-
ers, such as ABATE, a flexible surcharge of up to ten cents per
thousand cubic feet to recover take-or-pay costs assigned to
these customers. A joint application for rehearing filed by
ABATE and the Residential Ratepayer Consortium was denied.
ABATE appealed, alleging error in the decision to allow full
recovery of take-or-pay costs, the allocation of such costs be-
tween sales and transportation customers, and the adoption of
a flexible take-or-pay costs surcharge.

The Court of Appeals *held:*

1. The specific issues raised by ABATE that relate to the PSC's
decision to allow full recovery of take-or-pay costs need not be
addressed because the PSC erred in holding that it had jurisdic-
tion to consider those issues, which have been preempted by
federal law. Under the filed-rate doctrine, a rule of federal
preemption, states must give binding effect to rates, such as
take-or-pay costs, filed with and approved by the Federal En-

REFERENCES

Am Jur 2d, Public Utilities §§ 230-232.
See the Index to Annotations under Gas and Oil; Gas Companies;
Utilities.

ergy Regulatory Commission. Michigan Consolidated properly was allowed to pass through to its customers the full amount of these charges.

2. The PSC acted reasonably and lawfully in apportioning take-or-pay costs between sales customers and transportation customers on the basis of volume.

3. The fact that the surcharge is flexible does not constitute unlawful discrimination as long as Michigan Consolidated does not treat similarly situated transportation customers differently. A distinction between transportation customers and sales customers is not discriminatory.

Affirmed with regard to result only.

PUBLIC UTILITIES — TAKE-OR-PAY COSTS — FEDERAL ENERGY REGULATORY COMMISSION — FILED-RATE DOCTRINE — SUPREMACY CLAUSE.

The filed-rate doctrine, a rule of federal preemption under which states must give binding effect to rates filed with and approved by the Federal Energy Regulatory Commission, applies to take-or-pay costs, charges that interstate gas pipelines must pay to gas producers whether or not they took gas at the levels specified in their long-term gas purchase contracts with the producers and that the FERC requires natural gas local distribution companies to pay; the Public Service Commission may not conduct prudence reviews of the FERC-mandated take-or-pay costs or disallow recovery in full by distributors of these costs from their customers (US Const, art VI, § 2; 15 USC 717 *et seq.*).

*Hill Lewis* (by *Douglas H. West, Nancy L. Lukey,* and *Joseph R. Assenzo*), for the Association of Businesses Advocating Tariff Equity.

*Frank J. Kelley,* Attorney General, *Gay Secor Hardy,* Solicitor General, and *Don L. Keskey* and *Patricia S. Barone,* Assistant Attorneys General, for the Public Service Commission.

*Foster, Swift, Collins & Smith, P.C.* (by *William K. Fahey* and *Stephen J. Rhodes*), and *Daniel L. Schiffer* and *Dennis R. O'Connell,* for Michigan Consolidated Gas Company.

Before: CAVANAGH, P.J., and HOLBROOK, JR., and W. P. CYNAR,* JJ.

CAVANAGH, P.J. On February 6, 1990, the Public Service Commission held in consolidated cases nos. U-9174 (a 1989 gas cost recovery case) and U-8812 (a general rate case) that Michigan Consolidated Gas Company should be allowed "the opportunity to collect its current take-or-pay costs." It was also held, among other things, that Michigan Consolidated Gas Company's gas cost recovery plan for 1989, as revised by that order, was approved as "reasonable and prudent." Michigan Consolidated Gas Company was also authorized to assess its transportation customers (appellant) a "flexible surcharge of between 0¢ and 10¢ per thousand cubic feet to recover take-or-pay costs assigned to these customers."

On May 3, 1990, the PSC denied the joint application for rehearing filed by the Association of Businesses Advocating Tariff Equity (ABATE) and the Residential Ratepayer Consortium.

ABATE filed this timely appeal of right, raising four issues, all of which relate to the PSC's decision to allow full recovery of take-or-pay costs, the allocation of such costs between sales and transportation customers, and the adoption of a flexible take-or-pay costs surcharge.

However, Michigan Consolidated Gas Company had argued to the PSC that federal supremacy law[1] precluded a state regulator from disallowing recovery of any portion of the costs approved by the Federal Energy Regulatory Commission (FERC). Although the PSC rejected the preemption argument of Michigan Consolidated Gas Company, it did rule

---

* Former Court of Appeals judge, sitting on the Court of Appeals by assignment.

[1] US Const, art VI, § 2.

in the company's favor on the merits. Michigan Consolidated Gas Company did not file a cross appeal in this Court, but it did repeat its federal preemption argument in its brief in this Court and during oral argument. Indeed, counsel orally cited *Attorney General v Public Service Comm No 2,* 171 Mich App 700, 702; 431 NW2d 49 (1988), which held that because prices charged by Trunkline Gas Company, a pipeline supplier, to Consumers Power Company, pursuant to a long-term supply contract, were approved by the FERC, supremacy clause considerations precluded a state commission such as the PSC from independently evaluating the reasonableness of the contract price between Consumers Power Company and Trunkline Gas Company.

Following oral arguments, Michigan Consolidated Gas Company sought leave to file a supplemental brief citing new authority. The motion was granted, and the other parties were given time to file responsive briefs. The new authority was a decision by the Illinois Supreme Court issued on the same date that this case was argued, June 4, 1991. That decision, *General Motors Corp v Illinois Commerce Comm,* 143 Ill 2d 407; 574 NE2d 650 (1991), reversed the lower appellate court's decision in that case that had been relied upon by ABATE in its brief, 191 Ill App 3d 450; 547 NE2d 1299 (1989). Like this case, the Illinois case involved the efforts of natural gas local distribution companies (LDCs) to pass through to their customers the take-or-pay costs that the FERC required the LDCs to pay to help relieve interstate gas pipeline companies of the pipelines' take-or-pay obligations to gas producers. The pipelines' liability arose from long-term contracts formed between pipelines and natural gas producers before the FERC allowed distributors to purchase gas directly

from producers. The issue before the Illinois Supreme Court was whether the Illinois Commerce Commission must allow distributors to recover those costs in full from ratepayers, pursuant to the "filed rate doctrine." The filed-rate doctrine is a rule of federal preemption that requires states to give binding effect to rates filed with and approved by the FERC. *Nantahala Power & Light Co v Thornburg,* 476 US 953; 106 S Ct 2349; 90 L Ed 2d 943 (1986).

The Illinois Commerce Commission determined that it was preempted from disallowing recovery of any portion of the costs approved by the FERC, but on appeal the lower Illinois appellate court reversed the commission's order. When that decision was appealed, the Illinois Supreme Court reversed the judgment of the lower appellate court and reinstated the order of the Illinois Commerce Commission, finding that fundamental principles of federal preemption, as reflected in the long-standing and consistent application of the filed-rate doctrine, prohibited the Illinois Commerce Commission from conducting prudence reviews of the FERC-mandated take-or-pay costs. The Illinois Supreme Court said that Illinois distributors must be allowed to pass through to their customers the full amount of these charges.

ABATE's answer urges this Court to reject the preemption argument on two grounds. First, it is argued that because Michigan Consolidated Gas Company did not file a cross appeal it cannot raise the preemption issue on which the PSC ruled against it. Second, it is argued that the United States Supreme Court has held that an agency's order must be upheld, if at all, on the same basis articulated in the order by the agency itself and that, because the PSC specifically rejected the federal preemption argument, the ultimately favora-

ble ruling for Michigan Consolidated Gas Company cannot be sustained on appeal on the ground of federal preemption.

Both of those arguments lack merit. It is well established that an appellee who has taken no cross appeal may still urge in support of the judgment in its favor reasons that were rejected by a lower court. *Burns v Rodman,* 342 Mich 410, 414; 70 NW2d 793 (1955), and authorities cited therein. It is true that an appellee that has not sought to cross appeal cannot obtain a decision more favorable than was rendered by the lower tribunal. *McCardel v Smolen,* 404 Mich 89, 94-95; 273 NW2d 3 (1978). Michigan Consolidated Gas Company does not seek to enlarge the scope of the relief granted by the PSC, but merely argues an alternate ground for affirmance that was rejected by the PSC.

Regarding the federal authority cited by ABATE that holds that an agency's order must be upheld, if at all, on the same basis articulated in the order by the agency itself, the orders to which that statement of the law applies are discretionary decisions of the agency, not rulings on issues of law such as the federal preemption issue.

Further, the issue of federal preemption is one of jurisdiction, *Mississippi Power & Light Co v Mississippi ex rel Moore,* 487 US 354; 108 S Ct 2428; 101 L Ed 2d 322 (1988), and questions of subject-matter jurisdiction can be raised at any time, even if not raised before the appeal is taken. *Lehman v Lehman,* 312 Mich 102, 105; 19 NW2d 502 (1945), and *Sumpter v Kosinski,* 165 Mich App 784, 797; 419 NW2d 463 (1988).

Moreover, reversal is not required where a lower court assigns a wrong reason for the correct result. *Nrecaj v Yono,* 173 Mich App 686, 689; 434 NW2d 210 (1988).

Having determined that the federal supremacy

clause question is properly before this Court in this case, it remains for us to determine whether we agree with this Court's decision in *Attorney General v Public Service Comm, No 2, supra,* and the Illinois Supreme Court in *General Motors Corp v Illinois Commerce Comm, supra.*

The PSC addressed this issue and stated in part:

> As for Mich Con's claim that we are pre-empted from allocating take-or-pay costs as we choose, one need only return to the language of Order No. 500 where the FERC stated:
>
> "The Commission does not believe that *Nantahala* precludes state regulators from designing LDC rates, or, in appropriate circumstances, from reviewing the prudence of LDCs' purchasing decisions in so far as they effect take-or-pay costs. . . . The Commission can exercise its jurisdiction only within its legitimate sphere, which in this instance involves establishing cost allocation procedures and rates for recovery by pipelines of take-or-pay costs from their jurisdictional customers. The development of cost allocation procedures and rates for the LDCs are matters to be determined by state regulatory authorities." (89 PUR 4th at p 331.)
>
> Thus, in order to adopt Mich Con's pre-emption argument, we would have to ignore the language of Order No. 500, the order that authorized the pass-through of take-or-pay costs to LDCs in the first place. Furthermore, even in the absence of this language, it has long been held that the FERC has no jurisdiction over the rates—and cost allocations underlying these rates—charged by LDCs. We therefore reject the utility's second argument.

The principal authority relied upon by ABATE in its brief when arguing against the preemption issue on the merits was the lower appellate court's decision in *General Motors Corp v Illinois Commerce Comm.* As indicated above, that case was recently reversed by the Illinois Supreme Court,

which held, in a thorough and logical opinion, that the argument that the FERC's intent determines the preemptive effect of the filed-rate doctrine on distributors' recovery of take-or-pay costs must be rejected because it is the intent of Congress that controls the issue, not the intent of the agency. It then found the intent of Congress to be clear and controlling that states may not bar regulated utilities from passing through to retail consumers the FERC-mandated wholesale rates, citing *Mississippi Power & Light Co, supra.* It found that the filed-rate doctrine was an outgrowth of straightforward principles of federal preemption and that the preemptive authority of the filed-rate doctrine arose from § 4 of the Natural Gas Act, 15 USC 717 *et seq.*, which provides that the business of transporting and selling natural gas for ultimate distribution to the public is affected with a public interest and that federal regulation in matters relating to the transportation of natural gas and the sale thereof in interstate and foreign commerce is necessary in the public interest. It was said that in enacting the Natural Gas Act, Congress gave exclusive and plenary authority to the FERC to regulate the transportation and sale for resale of natural gas moving in interstate commerce, including the power to regulate interstate natural gas prices, but it was clear from the legislative history and express language of the Natural Gas Act, and from the consistent pronouncements of the United States Supreme Court, that Congress intended federal law to occupy the field of regulating interstate sale of wholesale gas, and that even though the FERC had authority and expertise generally to adopt new policies when faced with new developments in the industry, it had no power to adopt a policy that directly conflicted with its governing statute.

This Court finds the decision of the Illinois Supreme Court persuasive. Thus, the specific issues raised by appellant that relate to the PSC's decision to allow full recovery of take-or-pay costs need not be addressed because the PSC erred in holding that it had jurisdiction to consider those issues, which were preempted by federal law. See the Illinois Supreme Court's opinion in *General Motors Corp v Illinois Commerce Comm, supra,* and *Attorney General v Public Service Comm No 2, supra.*

ABATE also argues that the PSC acted unreasonably in apportioning take-or-pay costs between sales customers and transportation customers on a volumetric basis, rather than on a total revenue basis. Allocation on a volumetric basis means that the apportionment was based upon the sales and transportation customers' respective percentages of Michigan Consolidated Gas Company's total throughput. The adoption of ABATE's proposal that a total revenue basis be used would have given a significant preference to transportation customers, because they purchased only transportation services from Michigan Consolidated Gas Company, unlike sales customers who bought both gas and transportation services.

The volumetric basis adopted by the PSC was reasonable and lawful. Expert testimony supported using it, and the testimony of even one expert witness is considered "substantial" evidence in PSC cases. *Great Lakes Steel Division of National Steel Corp v Michigan Public Service Comm,* 130 Mich App 470, 481; 344 NW2d 321 (1983). Further, this Court gives due deference to the PSC's administrative expertise and does not substitute its judgment for that of the commission. *Building Owners & Managers Ass'n of Metropolitan Detroit v Public Service Comm,* 131 Mich App 504, 517; 346 NW2d

581 (1984), aff'd 424 Mich 494; 383 NW2d 72 (1986).

ABATE also argues that the PSC erred in adopting a flexible take-or-pay surcharge because no party had proposed a flexible surcharge. However, the amount of the surcharge was within the amounts requested by the parties. The fact that the surcharge is flexible does not constitute unlawful discrimination as long as Michigan Consolidated Gas Company does not treat similarly situated transportation customers differently. A distinction between transportation customers and sales customers is not discriminatory.

The courts are not equipped to second-guess the commission on highly technical decisions regarding methodology, absent a showing that the commission has acted unlawfully or unreasonably or that its decision was not supported by competent, material, and substantial evidence on the record.

Affirmed with respect to result only.