CONSUMERS POWER COMPANY v PUBLIC SERVICE
COMMISSION NO 2

Docket Nos. 121122, 129509. Submitted March 19, 1992, at Lansing.
Decided May 21, 1992; approved for publication November 6,
1992, at 9:00 A.M.

Consumers Power Company, in a proceeding before the Public
Service Commission, sought to reconcile the revenues it col-
lected pursuant to a power supply cost recovery plan approved
by the commission with its expenses for power during 1987.
The Attorney General, the Association of Businesses Advocat-
ing Tariff Equity, and the Residential Ratepayer Consortium
filed responses to Consumers' application. Consumers requested
permission to pass through to ratepayers certain monies paid in
settlement of an action for breach of contract for failure to
purchase the required minimum barrels of oil. It also sought to
recover the cost of power to replace power generation lost
during three shutdowns of its Palisades nuclear power plant.
The commission disallowed the settlement costs on the basis
that Consumers had acted unreasonably in renegotiating the
contract, and disallowed the cost of replacing the lost power on
the basis that Consumers had not carried its burden of proof
under MCL 460.6j(13)(c); MSA 22.13(6j)(13)(c). Consumers Power
appealed from that order, Docket No. 121122, and from a
subsequent order denying its request to present additional
evidence, Docket No. 129509. The appeals were consolidated.

The Court of Appeals *held:*

1. Disallowance of the settlement cost was proper. Competent
expert evidence supported the commission's conclusions that
Consumers Power did not act reasonably or prudently in rene-
gotiating the contract, that none of the settlement should be
assigned to ratepayers, and that the company had recovered
excess fuel costs in 1980 and 1981 as a result of its noneco-
nomic operations at a plant where the oil was burned.

2. Disallowance of the utility's recovery of excess fuel costs
for 1980 and 1981 was not retroactive ratemaking. The costs

REFERENCES
Am Jur 2d, Public Utilities § 284.
See the ALR Index under Utilities.

were not approved in a prior commission proceeding, as alleged by Consumers, and the commission had advised the utility in an order in that proceeding that its fuel expenses for the plant would be disallowed and not passed through to ratemakers unless the utility demonstrated the reasonableness of its actions.

3. The commission's decision to disallow the cost of power to replace power generation that was lost during the shutdowns was supported by competent, material, and substantial evidence on the whole record.

4. Denial of the request to present additional evidence was proper. The proposed additional evidence was available to Consumers before the original hearing and with reasonable diligence could have been presented at that time.

Affirmed.

1. PUBLIC UTILITIES — PUBLIC SERVICE COMMISSION — SUBSTANTIAL EVIDENCE — EXPERT WITNESSES — APPEAL.

A decision of the Public Service Commission is supported by substantial evidence where it is based on testimony of a qualified expert who has a rational basis for the opinion, regardless of whether other experts agree; the commission may weigh the conflicting expert testimony and rely on expert testimony for its findings; when such a finding is supported by substantial evidence, the Court of Appeals will not substitute its judgment for that of the commission.

2. PUBLIC UTILITIES — PUBLIC SERVICE COMMISSION — FINDINGS OF FACT — APPEAL.

Findings of fact by the Public Service Commission must be supported by competent, material, and substantial evidence on the whole record; commission findings are conclusive where they are supported by such evidence.

*Loomis, Ewert, Ederer, Parsley, Davis & Gotting* (by *George W. Loomis* and *Ronald W. Bloomberg*), and *David A. Mikelonis* and *Frank R. Knox,* for Consumers Power Company.

*Don L. Keskey* and *William W. Derengoski,* Assistant Attorneys General, for the Public Service Commission.

*Frank J. Kelley,* Attorney General, *Thomas L.*

*Casey,* Solicitor General, and *Luis F. Fernandez* and *Robert L. Mol,* Assistant Attorneys General, for the Attorney General.

*Hill Lewis* (by *Nancy L. Lukey, Timothy P. Collins, Donna M. Canada,* and *Joseph R. Assenzo*) for the Association of Businesses Advocating Tariff Equity.

*Diane R. Royal,* Public Issue Advocates, for the Residential Ratepayer Consortium.

Before: SULLIVAN, P.J., and WEAVER and JANSEN, JJ.

PER CURIAM. In Docket No. 121122, Consumers Power Company appeals an August 29, 1989, opinion and order of the Public Service Commission, following a reconciliation hearing regarding the company's power supply costs and revenues for 1987. In Docket No. 129509, Consumers Power appeals the commission's May 18, 1990, opinion and order that denied the utility's request to present additional evidence. Both appeals are as of right under MCL 462.26(1); MSA 22.45(1). This Court consolidated them on Consumers' motion.

Consumers commenced this proceeding on March 30, 1988, pursuant to MCL 460.6j(12); MSA 22.13(6j)(12), to reconcile the revenues it collected pursuant to a previously filed and approved power supply cost recovery (PSCR) plan and its expenses for power. Consumers Power requested permission to pass through to ratepayers $38,500,000 it had paid Union Carbide Corporation on February 8, 1988, to settle Union Carbide's suit for breach of contract, arising from Consumers Power's failure to take minimum numbers of barrels of oil under "take or pay" clauses in contracts with Union Carbide, initially executed on July 22, 1976, and

amended in 1977 and again in 1980. See *Union Carbide Corp v Public Service Comm,* 431 Mich 135; 428 NW2d 322 (1988). According to Consumers Power, it received PSCR revenues of over $516,516,981 on PSCR sales of over twenty-six billion kilowatt-hours and experienced a $33,999,013 underrecovery of expenses, including the Union Carbide settlement. Also included in the alleged underrecovery was the cost of net replacement power associated with outages at the company's Palisades nuclear power plant.

MCL 460.6j(13)(c), (f), and (g); MSA 22.13(6j)(13) (c), (f), and (g) allows the commission to disallow costs attributable to, among other things, outages of more than ninety days, outages attributable to the company's negligence or imprudent management, charges unreasonably or imprudently incurred for fuel not taken, and costs resulting from unreasonably or imprudently renegotiated fuel contracts. The commission disallowed the settlement cost because the company acted unreasonably in renegotiating the contract, and disallowed the cost of replacement power associated with the outages because the utility had not carried its burden of proof under § 6j(13)(c).

After Consumers Power appealed the commission's August 29, 1989, decision, it filed a petition asking the commission for permission to present additional evidence regarding both questions pursuant to § 26(6) of the Public Service Commission act, MCL 462.26(6); MSA 22.45(6). The commission denied the request by opinion and order entered May 18, 1990.

Consumers Power's first two issues on appeal deal with the sufficiency of the evidence supporting the commission's disallowance of the cost of the Union Carbide settlement. However, our review of the record shows competent expert evi-

dence to support the commission's conclusions that the company did not act reasonably and prudently in renegotiating the 1980 contract, that "*none* of the $38.5 million amount should be assigned to ratepayers" (emphasis added), and that the company had recovered excessive fuel costs in 1980 and 1981 as a result of its noneconomic operations at its Karn plant.

Findings of fact by the commission must be supported by competent, material, and substantial evidence on the whole record. *Consumers Power Co v Public Service Comm,* 181 Mich App 261, 266; 448 NW2d 806 (1989). A commission decision is supported by substantial evidence if it is based on expert opinion testimony, offered by a qualified expert who has a rational basis for the opinion, regardless of whether other experts agree. *Ass'n of Businesses Advocating Tariff Equity v Public Service Comm,* 192 Mich App 19, 27; 480 NW2d 585 (1991); *Consumers Power Co v Public Service Comm,* 189 Mich App 151, 183; 472 NW2d 77 (1991); *Miller Bros v Public Service Comm,* 180 Mich App 227, 234; 446 NW2d 640 (1989); *Attorney General v Public Service Comm,* 174 Mich App 161, 170; 435 NW2d 752 (1988). It is for the commission to weigh the conflicting expert testimony, *Miller Bros, supra,* and it may rely on expert testimony for its findings. *Attorney General, supra.* When a finding is so supported, this Court will not substitute its judgment for that of the commission. *Grand Rapids & I R Co v Michigan Railroad Comm,* 188 Mich 108; 154 NW 15 (1915). When supported by competent evidence, commission findings are conclusive. *Short Freight Lines, Inc v Public Service Comm,* 25 Mich App 408; 181 NW2d 560 (1970).

Consumers Power also contends that disallowing settlement expenses because of the utility's recov-

ery of excessive fuel costs in 1980 and 1981 amounts to retroactive ratemaking. The utility claims that fuel costs in 1980 and 1981 were approved in prior commission proceedings. Hence, the company argues, the commission may not now claim that those rates were excessive and it cannot now disallow recovery of current costs on that basis.

We disagree. Retroactive ratemaking is prohibited by law. *Building Owners & Managers Ass'n v Public Service Comm,* 424 Mich 494; 383 NW2d 72 (1986); *Michigan Bell Telephone Co v Public Service Comm,* 315 Mich 533; 24 NW2d 200 (1946). However, the commission neither approved Consumers Power's noneconomic burning of Union Carbide oil at Karn nor held that its cost was reasonable. The commission did not discover the noneconomic burning until the fall of 1981. In its May 13, 1982, order in PSC Case No. U-6923, the commission advised the utility that its fuel expenses for Karn would be disallowed and not passed through to ratepayers unless the company demonstrated the reasonableness of its actions. The proceeding in this case was the first time the company sought approval of the cost of settlement. Under those circumstances, there was no retroactive ratemaking.

The utility challenges the commission's disallowance of the cost of power to replace power generation that was lost during three shutdowns at Palisades. The commission disallowed the cost because the outages were attributed to the company's negligence or unreasonable or imprudent management under MCL 460.6j(13)(c); MSA 22.13(6j)(13)(c).

Our view of the record satisfies us that the commission's decision with regard to the outages is supported by competent, material, and substantial evidence on the whole record. On the basis of the

authorities cited above, we will not substitute our judgment for that of the commission.

Finally, the utility claims that the commission unreasonably and unlawfully denied its petition to present additional evidence under MCL 462.26(6); MSA 22.45(6). Consumers Power contends in its brief that the commission unlawfully imposed a good-cause requirement for presenting additional evidence and that the finding of a lack of good cause is unreasonable.

We will not review the good-cause requirement in this appeal because Consumers Power withdrew its challenge to it during oral argument. Further, our review of the evidence sought to be added shows that, as the commission found, "the proposed evidence was available to Consumers prior to the original hearing and could with reasonable diligence have been presented at that time."

The decisions and orders of the commission are affirmed.