*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

TOWNSHIP OF TYRONE,

Plaintiff-Appellee,

v

DEBORAH LESKO,

Defendant-Appellant.

UNPUBLISHED
September 5, 2024

No. 367096
Livingston Circuit Court
LC No. 21-031226-CZ

Before: MALDONADO, P.J., and M. J. KELLY and RICK, JJ.

PER CURIAM.

Defendant appeals by right the trial court's order allowing plaintiff to enter defendant's property, demolish a blighted structure on the property, lien the property for repayment of the costs spent removing the structure, and awarding plaintiff attorney fees. Defendant argues that the trial court abused its discretion by ordering the structure's demolition. We affirm.

## I. BACKGROUND

Defendant owns a parcel of real property located within the Tyrone Township Planned Commercial Industrial Zoning District ("PCI"). After several complaints from local residents that the building located on defendant's property appeared to be collapsing, plaintiff requested that the Livingston County Building Department ("LCBD") inspect defendant's structure. The LCBD issued an inspection report finding that the building was in violation of the Livingston County Maintenance of Housing and Property Code 500.01 for numerous reasons. The findings in the report concluded that the most practical approach would be demolition of the building because the existing components of the building most likely could not be salvaged. Plaintiff filed a complaint for injunctive relief, but it went unanswered. Accordingly, the trial court entered a default judgment against defendant. The court ordered defendant to either demolish the building and remove the other blight factors or submit plans for rehabilitation that were prepared by a licensed engineer or architect by March 1, 2022. These plans were required to provide that the restoration would be completed by July 1, 2022. Defendant was also permanently enjoined from selling motor vehicles from her property in violation of Tyrone Township Zoning Ordinance No. 36, Article

-1-

13A. Finally, defendant was ordered to reimburse plaintiff for its attorney fees in the amount of $1,650 and costs in the amount of $195.

Defendant did not comply with the default judgment; accordingly, on May 24, 2022, plaintiff filed a motion for an order to show cause why defendant should not be held in contempt of court. After defendant requested more time to finish the contractor's evaluation of her building, the court adjourned the hearing for show cause out to February 3, 2023. At the February 3, 2023 hearing, a consent order was entered that gave defendant 30 days to prove both that she could pay $150,000 for reconstruction and that there was a contract to rebuild or demolish the building.

On May 12, 2023, after multiple adjournments, the court conducted a subsequent show-cause hearing because defendant had not complied with its prior order. The court ordered defendant to enter into a contract to demolish structure by May 26, 2023. Additionally, the court ordered defendant to demolish the building and remove any debris within 30 days. On July 14, 2023, because defendant still had not complied with its orders, the trial court allowed plaintiff to enter the property, demolish the structure, and lien the property to recover the cost of demolition. Additionally, the court ordered defendant to pay plaintiff $1,650 for attorney fees.

This appeal followed.

## II. SCOPE OF THE APPEAL

This Court does not have jurisdiction to hear the issue raised by defendant because defendant's challenge to the show-cause order allowing plaintiff to demolish the structure is outside the scope of this appeal of right.

"Whether this Court has jurisdiction to hear an appeal is always within the scope of this Court's review." *Chen v Wayne State Univ*, 284 Mich App 172, 191; 771 NW2d 820 (2009). Jurisdictional questions can be raised at any time by either party or on this Court's own motion. *Ass'n of Businesses Advocating Tariff Equity v Public Service Comm*, 192 Mich App 19, 24; 480 NW2d 585 (1991). This Court reviews de novo whether it has jurisdiction to hear a case. *Chen*, 284 Mich App at 191.

Defendant cites MCR 7.203(A)(1) as the basis for this Court's jurisdiction, which provides:

(A) Appeal of Right. The court has jurisdiction of an appeal of right filed by an aggrieved party from the following:

(1) A final judgment or final order of the circuit court, or court of claims, as defined in MCR 7.202(6), except a judgment or order of the circuit court

(a) on appeal from any other court or tribunal;

(b) in a criminal case in which the conviction is based on a plea of guilty or nolo contendere;

An appeal from an order described in MCR 7.202(6)(a)(*iii*)-(*v*) is limited to the portion of the order with respect to which there is an appeal of right.

The issue here is whether a show cause order entered as a sanction for non-compliance with a default judgment, that defendant never moved to set aside, is a final order. What constitutes a "final order" is governed by MCR 7.202(6), which provides in relevant part:

> (6) "final judgment" or "final order" means:
>
> (a) In a civil case,
>
> (*i*) the first judgment or order that disposes of all the claims and adjudicates the rights and liabilities of all the parties, including such an order entered after reversal of an earlier final judgment or order;
>
> \* \* \*
>
> (*iv*) a postjudgment order awarding or denying attorney fees and costs under court rule or other law;
>
> \* \* \*

In this case, a default judgment was entered against defendant. "Entry of a default judgment is equivalent to an admission of every well-pleaded matter in the complaint." *Epps v 4 Quarters Restoration LLC*, 498 Mich 518, 554; 872 NW2d 412 (2015). MCR 2.603(A)(3) provides, "After the default of a party has been entered, that party may not proceed with the action until the default has been set aside by the court . . . ." Despite enough time elapsing for multiple adjournments of the show-cause hearing, defendant never moved to set aside the default judgment. Instead, she simply asked the court for more time to comply with it. Further, the order from which defendant has filed this claim of appeal is a show-cause order. In *In re Moroun*, 295 Mich App 312, 329; 814 NW2d 319 (2012), this Court explained that "an order finding a party in civil contempt of court is not a final order for purposes of appellate review." It is not clear from the record if defendant was formally held in contempt of court. However, even if framed as an order enforcing the prior default judgment, defendant still maintains no right to appeal because she never moved to set aside the default.

We conclude that we do not have jurisdiction to hear this appeal; however, even if we did, defendant still would not be able to prevail on the merits.

## II. STANDARDS OF REVIEW

Generally, this Court reviews a trial court's decision whether to grant injunctive relief for abuse of discretion. *Mich AFSCME Council 25 v Woodhaven–Brownstown Sch Dist*, 293 Mich App 143, 146; 809 NW2d 444 (2011). "An abuse of discretion occurs when the court's decision results in an outcome that falls outside the range of principled outcomes." *Epps*, 498 Mich at 528. "Injunctive relief is an extraordinary remedy that issues only when justice requires, there is no adequate remedy at law, and there is a real and imminent danger of irreparable injury." *Janet Travis, Inc v Preka Holdings, LLC*, 306 Mich App 266, 274; 856 NW2d 206 (2014). Additionally, this Court reviews de novo whether the trial court properly interpreted a municipal ordinance or statute. *Youmans v Charter Twp of Bloomfield*, 336 Mich App 161, 211; 969 NW2d 570 (2021). As a general rule, this Court also reviews any related factual findings by the trial court for clear

error.  *Canjar v Cole*, 283 Mich App 723, 727; 770 NW2d 449 (2009).  "A finding is clearly erroneous if, although there is evidence to support it, the reviewing court is left with a definite and firm conviction that a mistake was made."  *In re AGD*, 327 Mich App 332, 338; 933 NW2d 751 (2019) (quotation marks and citation omitted).

## III.  ANALYSIS

This case involves the court's ability to act pursuant to Tyrone Township Beautification Ordinance No. 30B (hereinafter: Ordinance 30B).  The ordinance's purpose is "to prevent, reduce and eliminate blight, blighting factors and nuisances in the township by preventing or eliminating certain conditions and uses of land and buildings and structures in the township which cause blight or nuisance."  Ordinance 30B, § 2.0.  "All blight, blighting factors, nuisances and causes thereof as defined herein, are prohibited upon all property in the township and shall constitute illegal nonconforming uses to be abated."  Ordinance 30B, § 3.0.  The ordinance provided a list of conditions that would be considered blight, and the list included:

> Any building or structure, or portion thereof, which by reason of structural damage caused by fire, explosion, wind, rain or other natural disaster or by reason of vandalism or other intentional damage or by reason of neglect, lack of maintenance, obsolescence, physical deterioration, dilapidation and the like and is no longer reasonably and safely useful for any other purpose for which it was originally intended.  [Ordinance 30B, § 4.0(H).]

## A.  FINDING OF BLIGHT

Defendant argues that the court abused its discretion and clearly erred by determining without any expert testimony that the building was blighted in violation of the Township's ordinances.  We disagree.

The court was presented with the Livingston County Department of Building Inspection report along with a request for injunctive relief that listed all of the violations of the Ordinance 30B.  In that report, the building inspector listed multiple violations, such as a collapsed roof and the whole structure being in imminent danger of collapse. The inspector concluded that the structure is an attractive nuisance and poses a danger to the public.  This evidence supported a finding of blight.  Defendant argues that the court could not have determined that the building is blighted without expert testimony.  However, this argument lacks merit because Ordinance 30B does not require any expert testimony for a court to make findings regarding whether a building is blighted.

Moreover, the complaint went unanswered, the court records do not show any defects in the motion for entry of default, and the court followed proper procedure by entering a default judgment.  Because defendant did not answer the complaint, the court accepted allegations in the complaint as true and deemed the allegations of the blighted conditions admitted by defendant. "[I]t is an established principle that a default settles the question of liability as to well-pleaded allegations and precludes the defaulting party from relitigating that issue."  *Kalamazoo Oil Co v Boerman*, 242 Mich App 75, 79; 618 NW2d 66 (2000) (quotation marks and citation omitted). "Entry of a default judgment is equivalent to an admission of every well-pleaded matter in the

complaint." *Epps*, 498 Mich at 554. As previously discussed, defendant never moved to set aside the default. Therefore, defendant effectively admitted that the building is blighted and in violation of the Ordinance 30B.

## B. DESTRUCTION OF STRUCTURE

Defendant argues that the trial court abused its discretion by ordering plaintiff to destroy the blighted structure on the property rather than allowing her more time to rehabilitate it. We disagree.

This case started in 2021, and the show cause order from which defendant appeals was issued in 2023. In 2021, defendant was given an option by the default judgement to either demolish or restore the hazardous building, and she was afforded ample time to comply with either of the options. However, defendant repeatedly pleaded with the court for additional time to restore her building but failed to present any evidence of a viable repair plan. During the show cause hearing that led to issuance of the demolition order, the court said that "[t]his is D day" to show the proof from the engineer whether the building could be saved. The court reasoned that "we've been promised and promised and promised" that defendant would demonstrate an ability to repair the structure. The court further said:

> When someone has an unsafe structure, I expect as a judge to have that structure fixed or removed immediately. I don't know what these folks think immediately is, but it's certainly not happening, and even though they've had an engineer out there, I don't know what the engineer's been doing, eight times is ridiculous.

The trial court acted reasonably within its discretion by ordering demolition because defendant failed on numerous occasions to show any proof that she is capable of performing the necessary repairs.

## C. TAKING AND ATTORNEY FEES

Defendant argues that the destruction of the building is an unconstitutional taking without just compensation. However, this argument was not raised in the trial court, and therefore, appellate review of the issue has been waived. Further, this issue was not raised in defendant's statement of the questions presented. If an appellant fails to identify an issue in her statement of the questions presented then the appellant waives appellate review of the issue. MCR 7.212(C)(5). Finally, defendant has failed to provide authority or any meaningful analysis in support of her contention that the destruction of a blighted and unsafe structure constitutes a taking for which compensation is due. "An appellant may not merely announce his position and leave it to this Court to discover and rationalize the basis for his claims, nor may he give issues cursory treatment with little or no citation of supporting authority." *In re Warshefski*, 331 Mich App 83, 87; 951 NW2d 90 (2020) (quotation marks and citation omitted). The issue is waived, and we decline to review the merits.

Defendant mentioned the issue of attorney fees only in the conclusion and relief requested section of her brief. This issue was not raised in defendant's statement of questions presented and was not actually argued in her brief. Because defendant does not address this issue and because

the existing record is insufficient for meaningful appellate review of this issue, it is abandoned. MCR 7.212(C)(7); *Prince v MacDonald*, 237 Mich App 186, 197; 602 NW2d 834 (1999) ("It is axiomatic that where a party fails to brief the merits of an allegation of error, the issue is deemed abandoned by this Court."). Therefore, we likewise decline to review the merits of this argument.

Affirmed.

/s/ Allie Greenleaf Maldonado
/s/ Michael J. Kelly
/s/ Michelle M. Rick